## GERBER vs. MONIE.

A bailee of goods cannot set up as a defense to an action therefor, that at the time he became bailee, and while he continued such, the bailor was not the owner; except by showing that while he continued such bailee, the bailor parted with his title to the property.

Where the bailee of cheese turned it out to the bailor, as his property, and separated it from other cheese in the same cellar, and at the same time the bailor turned it out to the agent of persons to whom he had previously sold it, and the agent marked his initials on each package of the cheese, and agreed to pay the bailee a specified sum for his services on account of it; *Held* that if the bailee had, at the time, any other claim on the cheese, or if he claimed to hold it for any one else, he was bound to state it; and that having failed to do so, he was *estopped* from afterwards setting up that at that time he, or any one else, had any title or claim to it, except as then stated.

*Held, also,* that the cheese having been separated and turned out to the agent of the purchasers, and the packages marked by such agent, that constituted a good delivery to pass the title; that the title then passed to such purchasers, and the bailee became their bailee or agent, and could not, as against them, set up any claim or title in favor of himself, or any other person, then existing.

In an action in the nature of replevin, against a bailee, the same principles apply as are applicable in the actions of trover and replevin; and the defendant, irrespective of his being bailee, cannot set up title or right in a stranger, as a defense; unless he connects himself with such title or right.

In replevin a defendant will not be entitled to a judgment for the return of the goods by simply showing property in a stranger. He must connect himself with the title of the stranger, and thus establish a right paramount to that of the plaintiff, justifying the taking of the property out of his possession.

And as this rule applies to cases where there is no bailment or agency, of course it must be conclusive against a bailee, in such an action brought against him by his bailor, or those who stand in his shoes.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The report of the referee shows that during the season of 1865, one Benedict Aukin delivered milk to the defendant, Monie, to be manufactured into limburger cheese for him, Aukin, and for the making of which Monie was to be paid a compensation agreed upon between them. Cheese was manufactured by the defendant from such

Gerber *v.* Monie.

milk, to the amount of about 2983 pounds, contained in twenty-six boxes, and was in the cellar of the defendant; and the price of manufacturing and taking care of the same was $73, which was payable to the defendant. On the 23d day of December, 1865, Aukin owned the cheese, then in the cellar of the defendant, in the said twenty-six boxes, and on that day, for a good and valuable consideration, sold the same to Fisk & Rowan, who were copartners in the practice of law at Boonville, in Oneida county; and Aukin executed under his hand and seal, and delivered to Fisk & Rowan, a bill of sale conveying to them said cheese. The consideration expressed therein was $300, and the receipt of it was acknowledged. Aukin & Fisk then went to the premises occupied by the defendant, in the town of Steuben, and then, in the cellar of the defendant's house, the defendant pointed out, designated and delivered to said Arkin the limburger cheese in question, as belonging to him, Aukin, and Aukin delivered the same to Fisk, who then and there marked his initials on each of the twenty-six boxes containing such cheese, and the same was set apart from other boxes of cheese in the defendant's cellar, for Fisk & Rowan. The value of such cheese, at that time, was from thirteen to sixteen cents per pound. After said boxes were marked, Fisk informed the defendant that the cheese in question would be sent after, soon, and that the $73 for making the cheese would be sent to the defendant at the same time.

On the 16th of January, 1866, Fisk & Rowan sold and transferred the cheese to the plaintiff, by a bill of sale in writing, for the sum of $300, to them in hand paid, and the plaintiff at the same time paid to Fisk & Rowan the $73 going to the defendant for manufacturing the cheese. The plaintiff employed one John M. Fisk, and one Sutphen, to go to the defendant's residence after the cheese ; and soon thereafter, and in the same month of January, they went to the defendant's residence, the defendant

being there, and the said John M. Fisk, as the agent and in behalf of the plaintiff, then and there tendered and offered to the defendant $73, in legal tender currency, for making the cheese, and demanded that the cheese be delivered to him, as the agent of the plaintiff; but the defendant refused to receive the $73, and declined to deliver the cheese. The value of the cheese in the month of January, 1866, was the sum of $447.45, and the interest to the date of the report was $43.06.

There is no question but that all these findings of fact were fully supported by competent evidence, and the only question in regard to any of them, which can be raised on the whole case, is whether, on the 2d day of December, 1865, Aukin was the owner of the cheese, when he delivered it to Fisk, for Fisk & Rowan.

This action was brought to recover the possession of the cheese, and was commenced soon after the refusal of the defendant to deliver the same. The sheriff took the cheese and delivered it to the plaintiff, who retained the possession of it. The answer of the defendant denied all the allegations of the complaint, and alleged that at the time it was taken by the sheriff in the proceedings in the action, the cheese was the property of Daniel Crill, and not the property of the plaintiff.

The referee further found the following facts : That in a justice's court of the town of Remsen, in the county of Oneida, before A. B. Blair, Esq., justice of the peace, on the 10th day of November, 1865, one Gottlieb Abel recovered a judgment against the said Benedict Aukin for $47.25, damages and costs, which judgment was afterwards, and on the 25th day of November, 1865, assigned by the plaintiff therein to one Daniel Crill, and execution thereon was issued by said Justice Blair, dated the 10th day of November, 1865, but there was no satisfactory proof of a levy of said execution on, or a sale thereunder of the cheese in question, prior to the said sale and delivery

of the same. by Aukin to the said Fisk & Rowan. That in a justice's court of said county of Oneida, before J. V. Gue, Esq., justice of the peace, on the 19th day of January, 1861, Addison Brill and N. D. Bronson recovered a judgment against the said Benedict Aukin, for $34.67, damages and costs, and that execution was issued thereon a few days after November 10th, 1865 ; and that some time in January, 1866, said Aukin's interest in several boxes of cheese, amounting to about 2600 pounds, was sold by virtue of this or the first mentioned execution. It did not appear that any levy was made before the execution and delivery of said bill of sale of the cheese by Aukin to Fisk & Rowan, on the 23d day of December, 1865, and the sale under execution appears to have been made in January, 1866, some time after said sale and delivery by Aukin to Fisk & Rowan ; and such execution sale was made to a purchaser from whom neither the said Crill nor the defendant claim any title to, or interest in, the cheese in question. That it further appeared in proof, on the trial of this action, that the defendant had claimed no interest in, nor right of, nor title to, said cheese in question, from the said Daniel Crill ; that it was further in evidence on the part of the defendant, though controverted on the part of the plaintiff, that the said Daniel Crill, at the request of Aukin, paid the defendant said $73 for the making of said Aukin's cheese, prior to the sale of said cheese by Aukin to Fisk & Rowan, under the verbal agreement between said Crill and Aukin that the cheese aforesaid should belong to Crill until the $73 so paid to the defendant should be returned to him ; and that it had never been refunded. That it further appeared that in an action in a justice's court before R. H. Crandall, Esq., a justice of the peace of the county of Oneida, at Boonville, in said county, on the 30th day of March, 1866, an issue was joined and an action tried between the said Benedict Aukin, plaintiff, and the said

Daniel Crill, defendant, before said justice and a jury, wherein the said plaintiff complained against the defendant and demanded judgment for work, labor and services performed, and for goods sold and delivered by said Aukin to said Daniel Crill, and that said Daniel Crill filed his answer in that action, in and by which, among other things, he pleaded as a set-off to said plaintiff's claim, that said plaintiff was indebted to said defendant, for goods, money and services, in all to the amount of $200; that upon said trial the defendant introduced proof of the payment of said $73 by him to said David Monie, for and at the request of said Aukin, and the same was, among other things, litigated in said action, and a verdict was rendered by the jury in favor of Aukin, against said Daniel Crill, for $30 damages; whereupon the said justice of the peace, on said 30th day of March, 1866, entered judgment in favor of Aukin, against Crill, for $35.20, damages and costs. It further appears, that said charge of the payment of $73 to Monie by Crill, against Aukin, was fully adjudicated and disposed of upon said trial before Justice Crandall. The evidence further disclosed that the said Daniel Crill and Benedict Aukin, on the 12th day of October, 1864, duly executed and delivered a lease or agreement, in and by which Crill leased to Aukin a certain farm in Steuben, and certain stock thereon, for a period of five years, at and for the annual rent of $500 and taxes. There were further provisions in said lease in regard to the manner in which Aukin should perform his work, and what should be done and not done on the farm, and that all the products, increase, issues and profits of the dairy, butter, milk and cheese, being the cheese in question, and also of said farm, were to be and remain the property of Crill, until the full and perfect performance of the lease on the part of Aukin, and until the said Aukin should pay $500 on the

Gerber *v.* Monie.

1st day of November, 1865, and on each and every 1st of November after that, during the life of the lease. And the referee found as facts, in regard to this lease, that Aukin had fully performed and satisfied the conditions therein contained, up to and including the time of the sale and delivery of the cheese by Aukin to Fisk & Rowan; and that Crill had no claim whatever upon the cheese in question, by virtue of the provisions of said lease, at the time Aukin sold and delivered the same, as aforesaid; nor had said Daniel Crill, at the time last aforesaid, any right, title, or interest of, in and to the cheese in question, paramount to that of Fisk & Rowan, or the plaintiff; that on the 23d day of December, 1865, and from thence hitherto, Crill had no right, title or interest of, in or to the cheese in question, which conferred upon him a right to the title or possession of the same, or any part thereof, as against the plaintiff in this action; and that the said defendant possessed no interest whatever in the cheese in question, derived from Daniel Crill.

The referee found, as conclusion of law, that the plaintiff was entitled to judgment for the possession of the cheese in question, with his costs and disbursements.

Upon which report judgment was entered in favor of the plaintiff for the possession of the cheese, and for the recovery of costs and disbursements of the action. And from this judgment the appeal was taken.

*John F. Seymour,* for the plaintiff.

*H. O. Southworth,* for the defendant.

Foster, J. Upon a careful examination of the proceedings and testimony taken before the referee, I am satisfied that all the findings of fact are supported by the evidence; that no material error was committed in the reception or

rejection of testimony; and that the judgment upon the findings is correct.

Fisk and Rowan were *bona fide* purchasers of the cheese, and for value, and there is nothing whatever in the case to show that either of the executions against Aukin was levied upon the cheese before the sale and delivery of it to Fisk & Rowan; or that any such levy was made at any time in the month of December, 1865, and of course the title of Fisk & Rowan could not be divested by a levy made after the sale and delivery to them. And when the sale was made, in January, 1866, upon one or both of the executions, it was made to a stranger, and there is no evidence to connect either the defendant or Crill with any title which the purchaser may have acquired under such sale.

As bailee of Aukin, and having no claim upon the cheese except for the $73, which he was to receive for manufacturing it, he could not by receiving that amount of money from Crill, convey any title to him which would prevent Aukin from regaining possession of the cheese upon payment or tender to Monie of that sum, where the cheese was. In no event would Aukin or his vendee be compelled to seek Crill and make a tender of the money to him before they would be entitled to receive the property; and the more especially as the cheese continued on the premises of Monie, where the tender was made, and under his control, unless the $73 was paid by Crill to Monie at the request of Aukin. And the result of the action between Crill and Aukin, in which Aukin was plaintiff, and where that question was directly in issue between them, shows that Crill had no claim for it against Aukin. I think, also, that the lease between Crill and Aukin for the place on which the cows were kept, and the milk produced out of which the cheese in question was made, did not give to Crill any property in, or lien upon, the cheese at the time it was sold by Aukin to Fisk & Rowan. The

only lien or property which that lease gave to Crill upon the products of the farm, was merely as security for the rent of $500, payable on the 1st of November in each year, and the rent of that year, and up to the following March, was paid to Crill some time before the sale to Fisk & Rowan.

I do not discuss these points, because, with the view which I take of the other questions in the case, they are quite immaterial.

There is no doubt that the defendant was, in regard to the milk and the cheese, the bailee of Aukin. (*Mallory* v. *Willis*, 4 *N. Y. Rep.* 76.) And as such he could not set up that, at the time he became bailee, and while he so continued, Aukin was not the owner, except by showing that while he continued such bailee, Aukin parted with his title to it.

Chancellor Walworth, in *Marvin* v. *Ellwood,* (11 *Paige,* 376,) says: " A bailee or agent who has received property, as such, is at all times at liberty to show that his bailee, or principal, has parted with his interest in the property subsequent to the bailment, or to the delivery to the agent. But such bailee or agent cannot, at law, dispute the original title of the person from whom he received the property." And Story (2 *Eq. Juris.* § 817) says : " In the case here stated the property is supposed to be lawfully in the hands of an agent of one of the claimants. Now the settled rule of law in such a case is, that an agent shall not be allowed to dispute the title of his principal to property which he has received from or for his principal; or to say that he will hold it for the benefit of another. And this doctrine seems equally true in equity also ; for it has been held that property put into the hands of an agent by his principal, under a bailment, is not the subject of an interpleader, upon the assertion of a claim to it by a third person against the agent; but the latter must deliver it to the principal, as his possession is the possession of the principal. The like doctrine will prevail in favor of a third person, to

whom the principal, after the bailment, had transferred the right to the property in the possession of the agent, where the transfer had been recognized and assented to by the agent. For in such a case, the third person, by such transfer and assent, would in respect to the agent be treated as the principal." And this principle fully disposes of all claim of defense arising out of the provisions of the lease between Crill and Aukin. The defendant as bailee cannot set up any such defense; nor has he the right to try any such issue.

On the 23d day of December, 1865, Aukin, Fisk and the defendant were together where the cheese was, for the purpose of delivering it to Fisk, for Fisk & Rowan, pursuant to the prior agreement; and then and there the defendant turned it out to Aukin as his property, and separated it from the other cheese in the cellar, and at the same time Aukin turned it out to Fisk, and Fisk marked his initials on each package of the cheese, and agreed to pay the defendant $73 for his services on account of it.

If, for any reason, the defendant then had any other claim on the cheese, except for the $73, or if he claimed to hold it then for any one else, he was bound to state it. But he deliberately turned it out to Aukin as his, and induced Fisk & Rowan to complete the purchase by taking the delivery and agreeing to pay him the $73; and he is estopped from setting up that at that time he or any other one had any title or claim to it, except as then stated. Fisk relied and acted upon his doings. (*Dezell* v. *Odell*, 3 *Hill*, 215. *Plumb* v. *Cattaraugus Mutual Ins. Co.*, 18 *N. Y. Rep.* 392. *Welland Canal Co.* v. *Hathaway*, 8 *Wend.* 483; *per Nelson, J., and* 2 *Abb. N. Y. Digest, pp.* 587, 588.)

At that time the cheese was separated and turned out to Fisk, and he marked the packages; and that constituted a good delivery to pass the title. (1 *Parsons on Contracts*, 5th ed. *p.* 531, *and note p.* 2 *Kent's Com.* 500, 501. *Hollingsworth* v. *Napier*, 3 *Caines' R.* 182.) The title, there-

Gerber *v.* Monie.

fore, then passed to Fisk & Rowan, and the defendant became the bailee or agent of Fisk & Rowan, (*see last clause of* § 817 *of Story's Eq., supra,*) and could not, as against them set up any claim or title in favor of himself or any other person, then existing.

But there is another principle which is decisive of this case. The action is in the nature of replevin, and the same principles are applicable to it as apply in the actions of trover and replevin. And the defendant in such action, irrespective of his being bailee, cannot set up title or right in a stranger as a defense, unless he connects himself with such title or right. (*Duncan* v. *Spear,* 11 *Wend.* 54, *and note at the end of the case.*)

In replevin a defendant will not be entitled to a judgment for the return of the goods by simply showing property in a stranger; he must connect himself with the title of the stranger, and thus establish a right paramount to that of the plaintiff, justifying the taking of the property out of his possession. (*Rogers* v. *Arnold,* 12 *Wend.* 30.) And substantially the same rule is held in *Hoyt* v. *Van Alstyne,* (15 *Barb.* 572, 573, *per Welles, J.*)

And as this rule applies to cases where there is no bailment or agency, of course it must be conclusive against a bailee, in such an action brought against him by his bailor, or those who stand in his shoes. It was the duty of the defendant as such bailee, upon tender to him of the $73, to deliver over the property to the agent of the plaintiff. Such delivery would not prevent Mr. Crill or any other person claiming it, from instituting proceedings to try such claim, and to have the property given up to them. The defendant stood in no relation to them which warranted his interfering in their behalf, while he was bound to deliver it to the plaintiff, and to let other claimants take care of their rights as they should be advised.

If I am right in the conclusion that the defendant could not avail himself of the defenses which he had interposed,

then all questions in reference to the competency of the testimony offered in respect to them are entirely immaterial. And as there are no questions of evidence, except such as arise upon the attempt to show property in third persons, there can be no reason for disturbing the judgment, whether such questions were correctly decided or not.

The judgment should be affirmed.

MULLIN and MORGAN, JJ., concurred.

BACON, J., did not vote.

Judgment affirmed.

