ABBY P. STOWELL, Appellant, *v.* AUSTIN W. OTIS, Respondent.

In an action to recover possession of personal property, alleged in the complaint to belong to plaintiff, and to be in the possession of and wrongfully detained by defendant, the answer contained a general denial; and, also, alleged that the property was owned by plaintiff, and by her pledged as security for a debt to defendant's wife, and that it was in the possession of the latter as such pledgee. *Held,* that under the pleadings, defendant was not entitled to give evidence of the pledge to his wife; that, in the absence of any allegation connecting defendant with the title, possession or interest of his wife, the special matter set up in the answer constituted no defense, as plaintiff's right to the property under the alleged pledge remained perfect against all the world save the pledgee; and that defendant had no standing under his answer to try the question of right between pledgor and pledgee.

(Argued September 21, 1877; decided October 2, 1877).

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently set forth in the opinion.

*Edward P. Wilder,* for appellant. The court erred in admitting evidence under the affirmative defenses in the answer. (*Gerber* v. *Monie,* 56 Barb., 652, 661; *Duncan* v.

*Spear*, 11 Wend., 54; *Rogers* v. *Arnold*, 12 id., 30; *Hoyt* v. *Van Alstyne*, 15 Barb., 568; *King* v. *Orser*, 4 Duer, 431; *Neff* v. *Thompson*, 8 Barb., 213.)

*Thomas H. Rodman, Jr.*, for respondent. Defendant had a right to prove property and right of possession in his wife. (1 Chitty, 499; *Kennedy* v. *Strong*, 10 J. R., 289; *Hurst* v. *Cook*, 19 Wend., 463, 469; *Robinson* v. *Frost*, 14 Barb., 541; *Miller* v. *Decker*, 40 id., 233; V. S. Pldgs., 79, 409, 410; *Briggs* v. *Brown*, 3 Hill, 87; *Bellinger* v. *Craigue*, 31 Barb., 537; *McKyring* v. *Bull*, 16 N. Y., 297; *Ingraham* v. *Hammond*, 1 Hill, 353; *Pattison* v. *Adams*, H. & D., 428; *Wright* v. *Bennett*, 3 Barb., 456; *McKnight* v. *Dunlop*, 4 id., 41, 42; *Rockwell* v. *Saunders*, 19 id., 481; *Kissam* v. *Roberts*, 6 Bosw., 161; *Johnson* v. *Carnley*, 10 N. Y., 576, 579; *Morey* v. *Safe Deposit Co.*, 7 Abb. [N. S.], 199; *Harrison* v. *McIntosh*, 1 J. R., 380.)

EARL, J. This is an action of replevin for certain personal property alleged in the complaint to belong to the plaintiff, and to be possessed and wrongfully detained from her by the defendant. The answer first contains a general denial, and then alleges, as a second defense, that the property claimed was owned by the plaintiff, and by her pledged to Mary H. Otis, the wife of the defendant, to secure a debt due her from the plaintiff, and that it was in her posession as such pledgee. But the answer contains no allegation that the defendant had any connection with or relation to the title, possession, or interest of his wife. Upon the trial the plaintiff distinctly made the objection that the defendant could not give proof of the pledge to his wife on account of the defect in his answer, in the absence of any allegation connecting himself with the right of his wife. The court overruled the objection, and plaintiff excepted. This exception presents the only question we need consider upon this appeal.

It is settled that, in actions of trover and trespass, an

answer of title in a stranger without an allegation connecting defendant with such title, is no defense. (*Duncan* v. *Spear*, 11 Wend., 54; *Rogers* v. *Arnold*, 12 id., 30; *King* v. *Orser*, 4 Duer, 431; *Hoyt* v. *Van Alstyne*, 15 Barb., 568; *Gerber* v. *Monie*, 56 id., 652.) Plaintiff's possession, which has been invaded, is in such cases sufficient, without any other evidence of title, to maintain the action against *tort feasers* who have no title or connection with the title of a stranger which they set up. Actions of trespass or trover would lie in all cases where replevin in the *cepit*, under the old practice, would lie; and hence upon principle the same rule should be applied to such actions of replevin. They are based upon allegations that the defendant has wrongfully taken and detains the property of the plaintiff, and the prior possession of the plaintiff should be sufficient to enable him to maintain the action against a wrong-doer who has no title, and does not connect himself with any title. The peace and good order of society require that persons thus in possession of property, even without any title, should be enabled to protect such possession by appropriate remedies against mere naked wrong-doers. But replevin in the *detinet* stood upon different principles. In such actions the plaintiff sought to take property from the defendant simply detained by him, and he was obliged to show title, or the right to the possession as against the defendant, and title in a third party with which neither party was in any way connected might furnish a defense. But it has been decided in many cases that, as a matter of pleading in actions of replevin, an answer of title in a third person is good without any allegations connecting defendant with the right of such person. (*Ingraham* v. *Hammond*, 1 Hill, 353; *Patterson* v. *Adams*, Hill & Denio, 428; *Wright* v. *Bennett*, 3 Barb., 456; *McKnight* v. *Dunlop*, 4 id., 41; *Rockwell* v. *Saunders*, 19 id., 481.) It is difficult to perceive how these authorities can stand upon principle under the present system of pleadings. But it is unnecessary to question them now. (See *Gerber* v. *Monie*, *supra*.) Here there was no answer of title

Opinion of the Court, per Earl, J.

in a third person. It is alleged that the plaintiff was the general owner, and as such general owner that he had pledged the property to Mrs. Otis to secure a debt. As pledgor, the plaintiff retained the legal title to the property, and the pledgee had a simple lien which could be destroyed at any time by payment of the debt secured. Plaintiff's right and title remained perfect against the whole world but the pledgee. The defendant had no standing under his answer to try the question of right as between the plaintiff and her pledgee. As against the plaintiff, he had no right to the possession of the property, and he could be sued by the plaintiff for a wrongful conversion thereof. In *Neff* v. *Thompson* (8 Barb., 213), it was held that where a person had a lien upon sheep for their keeping, it would not bar an action of trespass or replevin by the owner against a third person. It is said by Judge Story (Story's Bailments, § 352) that both pawnor and pawnee may maintain an action against a stranger for any injury to the property, or for any conversion of it. In *Johnson* v. *Carnley* (10 N. Y., 570), it was held that actual possession of the property by the plaintiff, coupled with an equitable interest therein at the time of the seizure of the property by the defendant, was sufficient to maintain the action of replevin and to entitle the plaintiff to a return of the property, although the general property and right of immediate possession was at the same time in a stranger, the defendant showing no privity between himself and such stranger. In *Rogers* v. *Arnold* (12 Wend., 30), Mr. Justice Nelson, after recognizing the rule that plea of title in a stranger was good, said : "The property, then, whether in the defendant or a third person sufficient to sustain a defense, must be such as goes to destroy the interest of the plaintiff, which if existing would sustain the action; or, in other words, such as would defeat an action of trespass if brought in place of this, in case of a wrongful taking, or trover if brought for a wrongful detention. All that can be material for the plaintiff to maintain against the plea in bar is an interest in or connection with the property which would

give to him the action of replevin as an appropriate remedy for a wrongful taking or detention."

The special answer, therefore, instead of showing a defense, showed plaintiff was in a position to maintain this action by simple proof of the possession and detention of the property by the defendant. It is too clear for dispute that under such an answer this action could not be defended.

It is not claimed that the defendant could under his general denial establish the defense of the pledge to his wife, and his agency for his wife. Even if the suit had been against the wife, she would have been obliged to set up specially her lien upon the property, and right to the possession thereof by virtue of the pledge.

It follows from these views that upon the trial the defendant was permitted against plaintiff's objection to establish a defense not alleged in the answer, and for that reason the judgment must be reversed and new trial granted.

All concur, except FOLGER and MILLER, JJ., absent.

Judgment reversed.