BERTHA KLINGER, Respondent, *v.* MICHAEL BONDY
AND MORRIS POLLAK, Appellants.

*Practice — what evidence is inadmissible under a general denial — facts authorizing the defendants to attack the plaintiff's title as fraudulent, must be pleaded.*

The complaint in this action alleged, among other things, that on the 26th day of September, 1883, the plaintiff was the owner and entitled to the immediate possession of certain leaf tobacco; that on that day the defendant wrongfully took, carried away and sold the same. The present defendan s, the indemnitors of the sheriff, the original defendant, having been, upon their own application, substituted as defendants in his place, served an answer containing a general denial and an allegation that at the time named Klinger Brothers were the owners of the tobacco. Upon the trial the plaintiff proved that she had purchased the property at a sale upon executions issued upon judgments recovered by herself and a daughter against Klinger Brothers, and that thereafter the sheriff seized and sold the property under attachments issued against Klinger Brothers.

The defendants offered to prove that the judgments under which the plaintiff claimed were fraudulent, and entered for the purpose of defrauding the creditors of Klinger Brothers, and also that the levy and sale upon the executions were irregular.

*Held,* that the court properly excluded the evidence as inadmissible under the answer. (LEARNED, P. J., dissenting.)

That as Klinger Brothers made no objection, the plaintiff's title was good as against all the world, except as against such creditors of Klinger Brothers as were especially injured by the sale, who, if they desired to avail themselves of their rights, must allege the facts they desired to prove in their answer, as they could not prove them under a general denial.

That as the plaintiff's proof showed that she had both the title to and the possession of the tobacco, the defendants could not defend by proving title in Klinger Brothers, nor could they raise any objection which Klinger Brothers could waive, without alleging and proving facts which gave them the right to stand in Klinger Brothers shoes and assail the plaintiff's title.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages for the wrongful taking, carrying away and converting to the use of the defendants of a quantity of leaf tobacco belonging to the plaintiff.

*Julius J. Frank,* for the appellants.

*Z. S. Westbrook,* for the respondent.

LANDON, J.:

The plaintiff gave evidence to the effect that Klinger Brothers were the owners of the tobacco in question; that she obtained a judgment against them; that Rosa Klinger also obtained two judgments against them; that executions were issued to the sheriff upon the three judgments, and that the sheriff sold the tobacco in question to the plaintiff at a public sale under such executions; that after her purchase of the tobacco she left it in the custody of a Mr. Wasserman, in whose cellar it was at the time of the sale; that the sheriff subsequently seized the property upon an attachment against the Klinger Brothers as their property, and sold it against her protest.

The action was brought against the sheriff; the present defendants as his indemnitors were, on their motion, substituted in his place, pursuant to sections 1421–1427 of the Code.

At the close of the plaintiff's case the defendants moved for a nonsuit upon the ground that the property was not present at the place of sale within the meaning of the statute (Code, § 1428), nor sold in parcels. The fact was that the sale was at the store of the Klinger Brothers upon one side of the street, and the tobacco in question was in a cellar on the other side directly opposite the store. The sheriff at the sale put up the entire property in the store and cellar in one parcel; he mentioned the tobacco in the cellar, and said if any body wanted to go and look at it he would wait until he returned. The motion for a nonsuit was denied. The defendants then separately offered evidence of their attachment, judgment and execution against the Klinger Brothers, and sale of the tobacco under it. Also that the judgments against the Klinger Brothers, under which the plaintiff claimed, were fraudulent and void, as founded upon fraudulent claims, and as entered for the purpose of defrauding their creditors, and for the purpose of removing their property from the process of the court. Also that the levy and sale upon the executions under which the plaintiff claimed were irregular and therefore no title passed.

These offers were severally objected to, upon the ground that they were inadmissible under the answer. The complaint alleged title in the plaintiff and the right of possession. The answer was

a general denial; also the assertion of title in the Klinger Brothers. Since the case showed that the original title to the property was in the Klinger Brothers, and that the same passed to the plaintiff by judicial sale, the court properly denied the motion for a nonsuit and sustained the objections upon the defendants' offers of proof, unless by the plaintiff's own showing, or by the answer, it appeared that the defendants were in a position whereby the irregularities or fraud complained of could injure them.

The direct issue between the parties was whether the plaintiff had title. She maintained her contention by showing that it passed to her from the Klinger Brothers by judicial sale. That sale is presumed to be good, and is good against all the world, except the particular parties injured by it; if there are such parties they are an exception to the general rule, and if they desire to prove the facts bringing themselves within the exception, they should allege them.

If the title was good against the Klinger Brothers it was good in favor of the plaintiff; it was good against them, unless they objected. They did not object. No one can object for them unless he has succeeded, or is entitled to succeed, to their rights, and the assertion that any one is entitled to succeed to their rights is not embraced in a general denial, and therefore must be otherwise alleged. But the answer also alleges that the title was in the Klinger Brothers. In a complaint like this, which alleges title and does not allege possession, such an answer asserts a fact competent to be proved; because when the testimony is closed, if it should appear that the plaintiff did not have possession, and the Klinger Brothers did have title, the plaintiff would fail. But as this case stood upon the issue whether title was in the plaintiff or in the Klinger Brothers, the plaintiff had made a case against the Klinger Brothers, and the misfortune of the defendants was they had alleged nothing giving them the right to stand in the Klinger Brothers' shoes and assail that case.

If the defendants, without asserting a right which the Klinger Brothers could waive, could prove a fact tending to show that the title never passed out of the Klinger Brothers, it would, upon the issue of title (not of possession), have been competent, as, for example, that the tobacco they seized was not the same parcel the plaintiff

bought. Such evidence would show that the plaintiff's evidence had not touched the property in dispute. ·

There are many cases in the books bearing upon the questions we have discussed, in which the doctrine is broadly asserted that in actions of trover and trespass an answer of title in a stranger, without an allegation connecting the defendant with such title, is no defense. *Stowell* v. *Otis* (71 N. Y., 36), is referred to, by the aid of which the other cases can be traced. In that case the defendant answered, admitting the plaintiff's title, but alleging that his wife was the plaintiff's pledgee. The court, in substance, said to the defendant, by your answer you assert that your wife could defend, and thereby imply that you cannot. But suppose the defendant had denied both plaintiffs' title and possession, and had alleged both in his wife? If the latter had been true, the plaintiff had no case. If the plaintiff shows possession, his right is not touched by the defendant's showing that a third person has a better right of possession, hence the necessity of alleging in the answer that better right, and it remains untouched until he also proves that the third person's better right is in some way also his right, and hence the necessity of this allegation. And if the plaintiff shows title, that title must be disproved; if it is in a third person it is not in the plaintiff, and hence may be proved under a general denial; but it is not shown to be in a third person by simply showing that there are facts within the command of the third person which could defeat the plaintiff's title. The defendant must make the allegations which give him also the right to command these facts. Confusion in the cases sometimes arises from the fact that although the plaintiff alleges title, he proves possession. Possession cannot be disproved by proving title out of the plaintiff, and though the denial of title may seem to answer the case stated, the defendant will fail unless his answer is framed to meet the case proved, for possession is evidence of title. The ruling of the court was right, unless upon the case made by the plaintiff, she had precluded herself from making the objections.

In order to show why these defendants had been substituted in place of the sheriff, the plaintiff read in evidence the defendants' petition upon which the order of substitution was granted, and also the order. The petition recited the attachment, judgment, execu-

tion and seizure under which the defendants became the indemnitors of the sheriff. It is urged that the plaintiff thereby knew all the facts, and having placed them in evidence they are in evidence generally for any purpose available to the defendants.

The question is a new one in the aspect here presented. We are inclined to the opinion that if the defendants intended to rely upon such a defense they ought to have apprised the plaintiff of it, in which case she might have prepared to meet it, and she would perhaps not have read the petition in evidence.

If the defendants were confined to their pleadings, the plaintiff could safely read the petition, and when she read it she had the clear right to suppose she was there to try the issues framed and not others. The defendants did not ask to amend their answer; if they had the plaintiff might as a condition have been permitted to withdraw the petition.

The judgment should be affirmed, with costs.

BOCKES, J. :

The ruling of the court at the circuit excluding the defendant's offer of proof was grounded on the insufficiency of their answer to the complaint. The learned judge held, and as I think correctly, that the matter of defense proposed to be proved was inadmissible, because not pleaded. There was no motion to amend the answer, although its insufficiency was pointed out and made the basis of objection. The defendant must therefore be deemed to have elected at the trial to stand by it in its then present form. The question then on this appeal is simply whether the defense — the matter of proof proposed to be put in — was admissible under the averments of the answer. It seems to me very plainly that it was not. The action was for the taking and converting by the defendants (or by their direction) of the plaintiff's property. The answer was, first, general denial, and secondly, that the property was owned by Charles and Samuel Klinger. Such was the entire answer. It amounted simply to a general denial. It only put in issue the plaintiff's title; that is, the taking of the property by the defendants *from the plaintiff's possession* and its value. The defendants did not set up title in themselves nor title in another or others with right of possession, and connect themselves at

all, as principals, agents or otherwise, with such title and right. These were matters of affirmative defense, and consequently should be averred in the pleading to be available on the trial. The plaintiff made her case on proof that the property was taken by the defendants (or by their direction) from her possession — here, from her agent or bailee whose possession was her possession — valued at $135.68. The defendants were now called upon to make defense. On the proof they stood as wrong-doers. They could not take the property from the plaintiff's possession, even if she had no title to it, without showing either title in themselves or title in another, with right of possession, and connecting themselves in some way with such title and right. But neither of these defenses was set up in the answer, hence proof in their support, or in support of either of them, was inadmissible under the pleading, as was correctly held by the learned judge. They did not propose to gainsay the plaintiff's *possession*, that is, they did not offer to show that the plaintiff had not in fact *possession*. Her *possession* was not disputed. Had this been done, the case would have been materially different from what it is. No evidence was excluded tending to show that the property was not in the plaintiff's actual possession when taken by the defendants; but the offer of the defendants was to justify their action in taking the property from the plaintiff's possession, by showing that they had a right so to do. This defense was not set up in the answer.

But it is suggested that the plaintiff had herself put in proof which went *part way* to establish the defendant's proposed defense. Admit this, and the difficulty is not removed. An insufficient pleading cannot be made good by proof only. But the plaintiff had a right to stop at any point in the putting in of the proof and object to all further evidence necessary to make out the proposed defense, on the ground that the defense was not set up in the answer, or might, under permission from the court, wait until the evidence was all in, and then move to strike it out, because inadmissible under the pleadings. In this case the objection to the defense, because not pleaded, was interposed before all the necessary proof to its establishment was put in. This was just as fatal to the proposed defense, if the ground of objection was well based, as if no proof whatever had been put in going part way to its

establishment.   Without further considering the case, I will express my concurrence in the opinion of my brother LANDON, and vote for affirmance.

LEARNED, P. J., dissented.

Judgment affirmed, with costs.