Daniels, J.—The
plaintiff, as assignee of Christopher P. Stickel, brought this action to recover damages for an injury sustained by him as the owner of the premises described in the complaint. The facts establishing the right of Stickel to recover seem to have been proved, and so was an assign *265 ment from him dated on the 3d of July, 1885. The defendants, to meet this evidence, offered in evidence a general assignment made by Stickel in March, 1881, for the benefit of his creditors. This evidence was objected to by the plaintiff because it had not been pleaded by the answer, but it was received by the court and the plaintiff excepted.
This decision appears to have been rightly made, for the plaintiff alleged in his complaint that by the assignment from Stickel he became the owner of the claim for the damages in the action. The defendants denied that allegation, and they were entitled under the denial to prove that the plaintiff did not become the owner of the claim by means of the assignment executed by Stickel and read in evidence, and the general assignment was legal evidence of that fact. That proof was precisely within the issue made by the denial of this allegation in the defendant’s answer. And the decision overruling the objection is supported by Browning v. Marvin (22 Hun, 547). And it is in no manner inconsistent with Smith v. Hall (67 N Y , 48); Stowell v. Otis (71 N. Y., 36), or either of the other authorities which have been relied upon by the counsel for the plaintiff in support of this objection. For in neither of these cases was any such issue made or presented as was concerning this fact, by the complaint and this answer
To meet the effect of the general assignment the plaintiff’s attorney took the stand as a witness and testified that he had seen an assignment of this right of action from the assignee to the plaintiff. But no other proof of its delivery was made that it had been received by the attorney himself, who was at the time the attorney for the plaintiff and received it on his behalf. No evidence was given by him that he had any authority whatever to obtain or receive this assignment from the general assignee The case as to that fact was left entirely destitute of proof, for no more was stated by the witness than that at the time of the assignment he was the attorney for the plaintiff and received it on his behalf. It should at least have been made to appear that he was the plaintiff’s attorney in the business to which the assignment related, or that he had been authorized by the plaintiff to receive the assignment for him, or .that the act of receiving it had subsequently come to his knowledge and been approved by him. For want of further proof the case was not made out and the complaint of the plaintiff was rightly dismissed, and the judgment should be affirmed.
Brady and Bartlett, JJ., concun