### ANDERSON v. MEDBERY, Sheriff.

1. In an action against a sheriff for the conversion of personal property, defendant denied plaintiff's title and possession, the taking, etc., and alleged that a third party, while the owner and in possession of the property, mortgaged the same; and set out various proceedings to foreclose the mortgage, resulting in the sale of the property by defendant, as sheriff, to satisfy the mortgage, one of the proceedings being an action by the mortgagee against such third party to recover possession from such third party for the purpose of foreclosing. Plaintiff moved to strike from the answer all the allegations in justification on the ground that the judgment in the action for possession was not binding on plaintiff, he not being a party; that the mortgage was no evidence of title as against plaintiff; that plaintiff was not a party to any of the proceedings. Held proper to refuse to strike out such allegations, inasmuch as the title in the third party would have been no defense unless defendant connected himself therewith, and therefore the facts were necessarily pleaded, and inasmuch as the proceedings and foreclosure would be rightful against plaintiff, and binding on him, if the third party was in fact the owner of the property when the mortgage was executed.

2. Where, in a suit against a sheriff for the conversion of personalty, his answer justified the taking as under mortgage foreclosure proceedings against a third party alleged to be the owner, it is proper to receive in evidence the mortgage and various proceedings leading up to the foreclosure.

3. Comp. Laws, § 5090, subd. 3, provides that when the notice of a motion to move for a new trial designates as the ground of the motion insuf-

ficiency of the evidence to justify the verdict, the statement shall spec-
ify the particular in which the evidence is insufficient, and, if no such
specification be made, the statement shall be disregarded on the hear-
ing of the motion. Held, that the statute is mandatory, and, unless
complied with as to specifications of insufficiency, neither the trial
court nor the supreme court is authorized to look into the bill of ex-
ceptions to review the evidence.

4.  The granting of a motion for a new trial on the ground of newly discov-
ered evidence is a matter for the discretion of the trial court, and its
action will not be disturbed except where that discretion has been
abused.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Beadle county. Hon. A. W.
CAMPBELL, Judge.

Action by August Anderson against Don G. Medbery,
sheriff of Beadle county. From a judgment for defendant and
from an order denying a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*A. W. Wilmarth*, for appellant.

*H. C. Hinckley* and *A. W. Burtt*, for respondent.

CORSON, J. This is an action in the nature of trover to
recover of the defendant the value of certain live stock alleged
to have been taken and converted by the defendant, as sheriff
of Beadle county. Verdict and judgment for the defendant,
and the plaintiff appeals.

The complaint is in the usual form, alleging that the plain-
tiff was the owner and in possession of said live stock, and that
the defendant took the same from his possession, and convert-
ed it to his own use, and demanded judgment for the value
thereof. The defendant admitted that he was the sheriff of
Beadle county; denied that the plaintiff was the owner or in

the possession of the property therein described on the 26th day of December, 1899, or at any other time. He also denied that he wrongfully took the said property from the possession of the said plaintiff, or that he did unlawfully or wrongfully detain the same. The defendant, for a further defense, alleged that one Ole Anderson was, on the 26th day of December, 1899, and long prior thereto, to wit, December 31, 1896, the owner and in possession of the property described in the plaintiff's complaint, and that on the said 31st day of December, 1896, the said Anderson, as such owner, and while in possession. of the same, did mortgage the same to one August Fisher, to secure a note executed by the said Ole Anderson to the said August Fisher, and that said mortgage was duly witnessed and recorded. The defendant then set out in detail the various proceedings taken on the part of the said Fisher to foreclose the said mortgage resulting in the sale of the property by the defendant, as sheriff of Beadle county, to satisfy the said mortgage, interest, and costs which had accrued thereon. One of the proceedings taken and set up in the answer was an action commenced and prosecuted in the justice court by said August Fisher against said Ole Anderson to recover the possession of the said property from said Anderson for the purpose of foreclosing the same in the manner provided by law. On the trial the plaintiff moved to strike from the answer of the defendant substantially all of the allegations of the answer setting up justification on the part of the defendant. on the grounds that the fact that the said Ole Anderson mortgaged the property was no evidence whatever of title in him as against the plaintiff; second. that the judgment rendered by the justice court in the action against Ole Anderson was not in any manner

binding upon the plaintiff, he not being a party to the same; third, that no sale under the said judgment could in any manner affect the title of the plaintiff to the property, and for the further reason that the plaintiff was not a party to any of the proceedings set out in the answer, and was not in any manner bound thereby. The motion was denied, and the plaintiff excepted. The plaintiff contends in this court, as he contended in the court below, that all the allegations on the part of the defendant in which he set out the execution of the mortgage by Ole Anderson to said Fisher and all the various proceedings taken resulting in the sale of the property to satisfy the said note and mortgage should have been stricken out by the court, leaving simply the denials of the defendant of the facts stated· in the plaintiff's complaint. This contention is clearly untenable. It will be noticed that the plaintiff alleged that he was the owner and in the possession of the property, and that the defendant took the said property from his possession, and ever since has retained the same. Under this complaint, if the plaintiff had established the fact that he was in the possession of the said property, and that the defendant took the same from his possession, he would have been entitled to recover in the action, as the defendant would not, under a general denial merely, have been permitted to prove that the property was not the property of the plaintiff. The possession of the plaintiff would have been evidence of ownership as against all persons not showing a good title to the property in himself. Mr. Baylie, in his work on Pleading, says: ·'In an action for conversion a general denial puts in issue not only the conversion, but the plaintiff's title, and under it the defendant may show that the plaintiff had no title without any affirmative allegation

of title in himself.   But putting the plaintiff's title in issue may not place the defendant in position to meet the case made by the plaintiff on the trial; for, although the plaintiff may allege both title and possession of the property which he alleges that the defendant has wrongfully taken, he may recover on proof of possession alone as against any person but the true owner, or one connecting himself with the title of the true owner; and therefore, unless the defendant can show title in himself, he should allege both title in a third person and facts necessary to connect himself with that title."   Again, after defining what evidence may be given under the general issue, that same learned author says:   "But this rule will not enable one who has taken property from the actual possession of another to justify the taking by the allegation and proof of title in a third person with which he does not connect himself."   Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740; Gerber v. Monie, 56 Barb. 652; Stowell v. Otis, 71 N. Y. 36; Patterson v. Clark, 20 Iowa, 429. In Stowell v. Otis, supra, the court of appeals of New York uses the following language:   "It is settled that in actions of trover and trespass an answer of title in a stranger, without an allegation connecting defendant with such title, is no defense. Duncan v. Spear, 11 Wend. 54; Rogers v. Arnold, 12 Wend. 30; King v. Orser, 4 Duer, 431; Hoyt v. Van Alstyne, 15 Barb. 568; Gerber v. Monie, 56 Barb. 562.   Plaintiff's possession, which has been invaded, is in such cases sufficient, without any other evidence of title, to maintain the action against tort feasors who have no title, or connection with the title of a stranger which they set up.   Actions of trespass or trover would lie in all cases where replevin in the cepit, under the old practice, would lie; and hence upon principle the same rule

should be applied to such actions of replevin. . They are based upon allegations that the defendant has wrongfully taken and detains the property of the plaintiff, and the prior possession of the plaintiff should be sufficient to enable him to maintain the action against a wrongdoer who has no title, and does not connect himself with any title. The peace and good order of society require that persons thus in possession of property, even without any title, should be enabled to protect such possession by appropriate remedies against mere naked wrongdoers." In Griffin v. Railroad Co., supra, the same doctrine is again enunciated in the following language: "As it was necessary in such an action for the plaintiff only to show that he was in possession of the property, and that the defendant wrongfully took it from his possession, the plea put in issue all plaintiff was, in the first instance, bound to prove. Without more, property in a third person could be no defense to. such an action. Therefore, in order to defend such an action, the defendant was bound to prove either property in himself, or property in a third person, with which he was in some way connected, and under which he could justify, and the facts he was specially to allege." Under the allegations of the plaintiff's complaint it was necessary, therefore, for the defendant not only to show that the property, at the time it was mortgaged, was the property of Ole Anderson, but also to show his authority for taking and disposing of said property as such sheriff. Had he attempted to prove the existence of the chattel mortgage and the various proceedings leading up to the sale of the property without having set out the same in his answer. the objection could have been made that such evidence was inadmissible under the pleadings. There is no force in

the contention of counsel that the plaintiff was not a party to
the proceedings and to the action brought by Fisher to recover
from Ole Anderson the possession of the property to enable
him to foreclose the same, as such proceedings would not be
binding upon the plaintiff unless the jury was satisfied that
Ole Anderson was the owner of the property at the time the
chattel mortgage was executed, and we must presume in this
case that this question was properly submitted to the jury, as
no exceptions were taken to the instructions of the court.   If
the property was in fact the property of Ole Anderson at the
time of the execution of the mortgage, then he had a right to
mortgage the same, and Fisher, the mortgagee, had the un-
doubted right to foreclose the mortgage, and the defendant, as
such sheriff, was authorized to take the property from the pos-
session of the plaintiff in this action, and to proceed and sell
the same in the manner provided by law, and the plaintiff
would have no right to complain.   The answer was perfectly
proper, and such as is usually interposed by officers when sued
for disposing of property under legal process.   It is hardly
necessary to state that, if the answer was good as a pleading,
the court ruled correctly in permitting the defendant to intro-
duce in evidence the chattel mortgage and various proceedings
set out in the answer leading up to the sale of the mortgaged
property.   The court committed no error, therefore, in admitt-
ing these proceedings in evidence.

It is further contended that there was no evidence proving
or tending to prove that Ole Anderson was the owner of the
property, or in the possession of the same, at the time he exe-
cuted the chattel mortgage to Fisher, and that, therefore, the
verdict is not supported by the evidence.   As we view the

record, this question is not properly before us for review. One of the grounds for the motion for new trial was the insufficiency of the evidence to justify the verdict, and that the verdict is against the evidence, but in the specification of the errors annexed to and made a part of the bill of exceptions no reference is made to the insufficiency of the evidence to justify the verdict, or that the verdict is against law, and there is no specification whatever of the particulars in which the evidence is insufficient to support the verdict; hence we must presume that the motion for new trial upon that ground was denied in the court below for the reason that there is no such specification. Subdivision 3, § 5090, Comp. Laws, provides: "When the notice of intention designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. * * * If no such specification be made the statement shall be disregarded on the hearing of the motion." This provision of the statute is mandatory, and, unless complied with, neither the court below nor this court is authorized to look into the bill of exceptions for the purpose of reviewing the evidence. This rule has been so frequently laid down by this court that it is hardly necessary to cite authority. We must decline, therefore, to examine or review the evidence for the purpose of determining whether or not there was sufficient evidence to justify the verdict.

It is further contended on the part of the plaintiff that the court committed error in refusing to grant a new trial upon the ground of newly discovered evidence. The granting of a new trial on this ground is largely in the sound judicial discretion of the trial court, and that court's ruling will not be disturbed

except in case of the abuse of its discretion. In this case we discover no abuse of this discretion.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.