WILLIAM BILLS, Respondent, v. WILLIAM J. BAKER, Appellant.

Third Department, May 10, 1917.

**Replevin — when defendant in possession of property cannot justify under title of stranger — Code of Civil Procedure, section 1723, as to answer of title not applicable to actions before justice of the peace — evidence insufficient to connect defendant with alleged right of prior plaintiff in property.**

In an action of trespass, trover or replevin, a defendant cannot justify under the title of a stranger without connecting himself with the right of said person.    The reason is that possession is *prima facie* evidence of right and conclusive against all the world except the true owner or one connecting his title with him.

This rule was not changed by section 1723 of the Code of Civil Procedure providing that a defendant may by answer defend on the ground that a third person was entitled to the chattel without connecting himself with the latter's title.

Said section is not applicable to actions to recover a chattel brought before a justice of the peace.

In an action of replevin to recover possession of sheep or the value thereof, it appeared that they were taken by a constable from the possession of the plaintiff in an action brought before a justice of the peace to recover the same, in which the plaintiff herein was defendant; that they were delivered by the constable to the defendant herein who has since kept and refused to deliver them to the plaintiff; that at the opening of the trial in the prior action, the requisition was set aside for a defect in the undertaking, and the attorney for the defendant then said that they would try the suit as if there had been no replevin and that the sheep would be left where they were until after the decision, but said proposition was not accepted by the plaintiff.    The justice heard and determined the action in favor of the plaintiff therein, and the only allegation in the answer tending to connect the defendant with the alleged title of the plaintiff in the prior action was that the sheep are the property of said defendant.

Evidence examined, and *held*, insufficient to connect the defendant with any right the plaintiff in the prior action may have had in the property; that the defendant was a mere bailee of the constable who was a wrong-doer and had no right to the possession of the property as against the plaintiff.

APPEAL by the defendant, William J. Baker, from a judgment of the County Court of Warren county, entered in the office of the clerk of said county on the 18th day of September,

1916, upon the decision of the court after a trial before the court without a jury.

The action was brought to recover possession of fifteen sheep or the value thereof, together with damages for the alleged wrongful detention of the same by the defendant.

The evidence shows that on the 16th day of December, 1915, the sheep were taken by a constable from the possession of the plaintiff in an action brought before a justice of the peace to recover the same; that Nathaniel Middleton was plaintiff in that action and the plaintiff herein was defendant, and that the sheep were on the same day delivered by the constable to the defendant who has since kept them in his possession and refused to deliver them to the plaintiff.

It also appeared that at the opening of the trial in the replevin action the requisition was set aside for a defect in the undertaking; that the justice thereafter proceeded to hear and determine the action, and that his docket shows the following entry:

" Sheep awarded to Middleton; in case they cannot be delivered, then the judgment, damages and costs. Testimony being closed, I herewith on this 20th day of December, 1915, render judgment in favor of Nathaniel Middleton, the plaintiff, against William Bills, the defendant, for the sum of $55 and no cents damages, and the sum of $5.40 costs, amounting in all to $60.40.

" Dated, December 20, 1915,

" THOMAS W. SMITH,
" *Justice of the Peace.*"

Eight days after this judgment was awarded the defendant paid to the justice the sum of $60.40 and the justice signed and gave him a receipt which stated that it was " in full for judgment and costs in the replevin action of Nathaniel Middleton vs. William Bills. $55.00 of said amount representing the said judgment for damages and $5.40 the costs."

The answer alleges that the sheep are the property of Middleton and that the defendant is keeping them for him. There is no other allegation tending to connect the defendant with Middleton's alleged title.

*Fred A. Bratt,* for the appellant.

*Daniel J. Finn [Frank Hurley* with him on the brief], for the respondent.

Sewell, J.:

It has been decided in many cases that in an action of trespass, trover or replevin a defendant cannot justify under the title of a stranger, without connecting himself with the right of said person. The reason is that possession is *prima facie* evidence of right, and conclusive against all the world, except the true owner, or one connecting his title with him. (*Duncan* v. *Spear,* 11 Wend. 54; *Rogers* v. *Arnold,* 12 id. 30; *Brown* v. *Bowe,* 35 Hun, 488; *Stowell* v. *Otis,* 71 N. Y. 36; *Stonebridge* v. *Perkins,* 141 id. 1.)

This rule was not changed by section 1723 of the Code of Civil Procedure. That section is not applicable to actions to recover a chattel brought before a justice of the peace.

The proof in the present case did not warrant the court in finding that the defendant had any connection with or relation to the alleged title, possession or interest of Middleton or that he was acting under his orders. It is true that the evidence shows that after the requisition in the action for replevin had been dismissed, the attorney for the defendant therein said: " We will go on and try the suit as if there had been no replevin; the sheep will be left where they are until after the suit is decided; then if it is decided they are Bills' he can take them; if they are Middleton's they will remain where they are or he can do what he pleases with them." But this evidence, viewed in the light most favorable to the defendant, comes far short of being sufficient to connect the defendant with any right Middleton may have had in the property. It does not appear that the proposition was satisfactory to or was accepted by the plaintiff in that action, or that the trial proceeded or any other thing was done in consequence of it. It does not appear that the plaintiff herein was present when the proposition was made or ever had knowledge of it, and it must be conceded that the attorney, as such, could not stipulate away or affect the right of the plaintiff in respect to the possession of the sheep or in any other

matter outside of the conduct of that action. So far as appears the defendant was a mere bailee of the constable, who was a wrongdoer and had no right to the possession of the property as against the plaintiff.

The views expressed in regard to the case render it unnecessary to consider the exception taken by the defendant on the trial to the admission or rejection of evidence. The judgment is right and should be affirmed, with costs.

All concurred; KELLOGG, P. J., in result.

Judgment affirmed, with costs.