KENNEDY *v.* SHAW ET AL.

REPLEVIN.—*Practice.*—*Denial.*—*Proof.*—In an action to recover the possession of personal property under a claim of title, a denial requires the plaintiff to make out title in himself, and authorizes the defendant to introduce proof of title in himself or a third person, whereupon the plaintiff may introduce evidence to overthrow this and establish his title.

PRACTICE.—*Bill of Exceptions.*—The question as to the regularity of the appointment of an elisor by whom process has been served must be presented by bill of exceptions stating the facts and the ruling of the court.

CHATTEL MORTGAGE.—*Recording.*—A mortgage of personal property must be recorded within ten days, to be effective against third parties, and actual notice is of no avail.

APPEAL from the Bartholomew Circuit Court.

DOWNEY, J.—This was an action commenced by the appellees against the appellant to recover the possession of certain personal property, consisting of a stock of dry goods, etc., of which the plaintiffs alleged they were the owners and lawfully entitled to the possession, and which they al-

leged had been wrongfully taken and was unlawfully detained by the defendant.

The defendant answered by the general denial and three special paragraphs. The plaintiffs demurred to the second, third, and fourth paragraphs of the answer, but the demurrers were overruled. The plaintiffs then replied by general denial to all the paragraphs of the answer, and by special paragraphs to the third and fourth paragraphs of the answer. The defendant demurred separately to the third and fifth paragraphs of the reply, for the reason that they did not, as he alleged, state facts sufficient to constitute a reply. These demurrers were also overruled by the court, and the question was reserved by exception. The cause was tried by the court, and there was a finding for the plaintiffs. A motion was made by the defendant for a new trial, for the following reasons: first, that the finding of the court was contrary to law; second, that the finding of the court was contrary to the evidence; and third, that the finding of the court was not sustained by sufficient evidence. · This motion was overruled by the court, and final judgment was rendered for the plaintiffs upon the finding.

The following errors are assigned in this court: first, the court erred in overruling the appellant's motion to set aside the appointment of John N. Kerr as elisor; second, in overruling the appellant's demurrer to the third paragraph of the reply; third, in overruling the appellant's demurrer to the fifth paragraph of the reply; fourth, in finding for the plaintiffs as above; fifth, in overruling the appellant's motion for a new trial; sixth, in rendering judgment for the appellees.

The question which counsel for appellant seek to have decided, with reference to the regularity of the appointment of the elisor by whom the process was served, is not properly in the record. There is no bill of exceptions presenting the facts with reference to the appointment, nor the action of the court upon the motion. Hence we cannot decide it.

We could not reverse the judgment on account of any

error with reference to the special paragraphs of the answer, or the replies thereto, for the reasons that the same evidence, so far as material and proper to be considered, was admissible under the issue formed by the general denial of the complaint. Where the general denial is pleaded to a complaint, in an action to recover the possession of personal property, the plaintiff must show his right to the possession of the property, as against everybody else. He must recover upon the strength and validity of his own title and right to possession of the property, and if the defendant can show the property and right to the possession of the property to be in himself, or in a third person, he may do so under the general denial, and thus defeat the action; and when the defendant thus relies on the defence of property in the defendant, or in a third person, under the general denial, the plaintiff may meet such defence with any evidence which tends to overthrow it, and show that it is unfounded.

The only other question is as to the correctness of the ruling of the court in refusing to grant a new trial on the motion of the defendant; for the sixth assignment of error presents to us no question for our decision.

On the third day of September, 1866, Philbrook and his wife executed to McEwen and Jones a mortgage on certain real estate, and on the goods in question, to secure the payment of a certain note on which McEwen and Jones were indorsers for the accommodation of Philbrook to the National Branch Bank of Madison. This mortgage was not recorded within ten days after its execution, as required by statute, in order to make it valid as to persons other than the parties thereto, so far as concerned the goods, and under it the defendant could make no valid claim to the property as against the plaintiffs. 1 G. & H. 352, sec. 10; *Lockwood* v. *Slevin,* 26 Ind. 124. Actual notice to third persons claiming the goods can make no difference.

On the 23d day of February, 1867, Philbrook mortgaged the goods to one Hamilton, in trust for Mrs. Philbrook, to indemnify her against loss or damage, on account of having

executed the mortgage to McEwen and Jones, above mentioned, which, it seems, was on her separate real estate; and also, to secure the repayment to her of the sum of sixteen hundred dollars, which she had loaned to him of her separate property. Philbrook owed the plaintiffs four thousand and six or seven hundred dollars; to the National Branch Bank of Madison, by note endorsed by McEwen and Jones, as above stated, four thousand dollars; to one Fuller, twelve hundred dollars; and perhaps other debts, amounting in all to eleven or twelve thousand dollars.

About the 20th of April, 1867, the plaintiffs, finding that Philbrook was much embarrassed, in order to secure their claim against him, purchased the stock of goods, at the price of eleven thousand dollars, subject to invoice. Afterward, eight thousand dollars was fixed upon as the price. Out of the purchase-money which they agreed to pay, plaintiffs paid Mrs. Philbrook three thousand six hundred and thirty-four dollars and twenty-seven cents, and to Mr. Hamilton five hundred and sixty-seven dollars and twenty-six cents. The invoice had not been completed when the defendant, as sheriff of Bartholomew county, by virtue of orders of attachment issued in connection with actions commenced by McEwen and Jones, and by the National Branch Bank of Madison, against Philbrook, attached the stock of goods, etc. The suit of McEwen and Jones was for money loaned in the amount of one hundred and fourteen dollars and two cents. The order of attachment in favor of the National Branch Bank of Madison was in the sum of four thousand dollars.

There were no other papers in that case introduced in evidence, and we do not, therefore, know what the foundation of that action was. The sums paid to Mrs. Philbrook and to Hamilton were paid after the attachments were levied, but in discharge of checks given at a prior date. The invoice not having been completed at the time of the levy of the attachment, it was thereafter agreed that the stock of goods should be valued at eight thousand dollars. It is to

be understood from the evidence, we think, that the amount paid to Mrs. Philbrook was in full satisfaction of her claim under the mortgage from her husband to her trustee, on the goods.

On the 4th day of March, 1867, the plaintiffs instituted this action against the defendant, the sheriff, and the goods were, by virtue of an order duly issued, delivered by the elisor to the plaintiffs.

It is contended by the appellant, that McEwen, Jones, and Mrs. Philbrook were co-sureties to the National Branch Bank of Madison for the payment of the debt due from Philbrook to the bank, McEwen and Jones, on account of their indorsement of the note, and Mrs. Philbrook because of her mortgage to McEwen and Jones, to indemnify them against the payment of the debt. This position being taken for granted, it is then insisted that McEwen and Jones had the right to resort to the mortgage given by Philbrook to his wife, for their indemnity, or reimbursement, and that she could not, and much less the trustee, discharge the mortgage, so as to prevent McEwen and Jones from claiming under it.

As a consequence of these positions, it is claimed that McEwen and Jones had some kind of interest in the property and right to its possession, and that they could successfully contend with the plaintiffs for its possession. We are quite clear that they had no such right. The mortgage which they had taken on the stock of goods had not, as we have seen, been recorded in time, and upon it they could not claim a better right than the plaintiffs. Their own claim against Philbrook was simply for money loaned, and it gave them no lien upon the property, or any right to its possession. The bank debt against Philbrook, it is admitted by counsel for the appellant, was not yet due when the suit was commenced by the bank and the order of attachment taken out, so that neither the bank nor McEwen and Jones had any claim to the possession of the property by virtue of the debt to the bank.

But it was contended on the trial, that the sale of the stock of goods by Philbrook to the plaintiffs was fraudulent and void as to the other creditors of Philbrook. Although the bank debt was not due, and the bank not, therefore, in a position to enable it to raise this question by virtue of its attachment, yet McEwen and Jones were in a position to attack the *bona fides* of the sale; and, accordingly, that seems to have been one of the grounds on which the plaintiffs' claim to the possession of the property was resisted. The sheriff having seized the property at the suit of McEwen and Jones, and the plaintiffs having replevied the property out of his hands, claiming it by virtue of their purchase, McEwen and Jones, in the name of the sheriff, who held the property for them, could have defeated the plaintiffs' claim by showing that the sale was fraudulent, and therefore void as to the creditors of Philbrook. This they attempted to do, and upon the evidence the question was decided against them, by the court, acting as a jury, and a new trial was refused. The case is before us on the evidence, and we think it is not a case where we can, according to the rule which governs us in such cases, disturb the judgment.

The judgment is affirmed, with costs.

*R. Hill* and *G. W. Richardson,* for appellant.

*W. Herod, W. W. Herod,* and *S. Stansifer,* for appellees.