AUGUSTUS R. GRIFFIN, Receiver, etc., Respondent, *v.* THE LONG ISLAND RAILROAD CO., Appellant.

Where an action to recover a chattel is based solely upon a wrongful detention, a general denial puts in issue, as well, plaintiffs' property in the chattel as the wrongful detention, and defendant under such a plea may

show title in a stranger although he does not connect himself with such title.

Where an answer, after sufficiently admitting or denying certain allegations of the complaint, denies each and every allegation not thus admitted or denied, this is a good general denial.

*Clark* v. *Dillon* (97 N. Y. 370), distinguished.

(Argued January 19, 1886 ; decided February 2, 1886.)

APPEAL from the judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Edward C. Sprague* for appellant.     Plaintiff having merely proved the bare fact of defendant's possession, defendant should have been allowed to prove its ownership of the cars although not set up in its answer.     (*Knapp* v. *Roche*, 94 N. J. 333 ;   *Weaver* v. *Barden*, 49 id. 297 ; *Stowell* v. *Otis*, 71 id. 38 ; *Beatty* v. *Swartout*, 32 Barb. 293 ; *Anistici* v. *Holmes*, 3 Den. 244 ; *Seidenbach* v. *Riely*, 36 Hun, 211.)   Plaintiff is restricted to the theory which he has chosen, and cannot now claim that his recovery was for a cause of action which he made no effort to establish upon the trial. (*Genet* v. *D. & H. C. Co.*, Ct. of App., 13 N. Y. Weekly Dig. 200 ;   *McKeon* v. *See*, 51 N. Y. 300 ;   *Sherman* v. *Parish*, 53 id. 388 ;   *Tyng* v. *Warehouse Co.*, 58 id. 313 ;   *King* v. *McKellar*, 94 id. 317 ; *Stowell* v. *Otis*, 71 id. 38 ; *Greenfield* v. *Mass. Mut. Life Ins. Co.*, 47 id. 437 ; *Davis* v. *Hoppock*, 6 Duer, 254 ; *Miller* v. *Decker*, 40 Barb. 234 ; *Robinson* v. *Frost*, 14 id. 536 ; *Shoenrock* v. *Farley*, 49 Super. Ct. 302.)   Defendant's allegation that the property referred to in the complaint had been in possession of the Southern Railroad Company of Long Island, and its assigns claiming title thereto for more than six years prior to the commencement of this action, was a sufficient allegation,

within section 1723 of the Code of Civil Procedure, that a third person as against the defendant was entitled to the chattels. (*Thomas* v. *Desmond*, 12 How. Pr. 321; *Whiton* v. *Snider*, 88 N. Y. 304; *Rawley* v. *Brown*, 71 id. 85; *Turner* v. *Brown*, 6 Hun, 331; *Hemmingway* v. *Poucher*, 98 N. Y. 288; *Wall* v. *Buff. Water-Works Co.*, 18 id. 119; *Olcott* v. *Carroll*, 39 id. 436; *Acer* v. *Hotchkiss*, 97 id. 395.) The time for the running of the statute must be computed from the time when the right to make the demand was complete. (*Dickinson* v. *Mayor, etc.*, 92 N. Y. 584; *Drake* v. *Wilkin*, 30 Hun, 537.)

*Augustus N. Weller* for respondent. Defendant not having set up the title in its answer nor in any manner informed plaintiff of the claim, no error was committed by the court in refusing to allow it to show title to the cars in another corporation. (*Howell* v. *Otis*, 71 N. Y. 36; 69 id. 48; 38 id. 161; 3 Denio, 244; 12 Wend. 30; 33 Barb. 229; 31 N. Y. 614; 14 Abb. 147; 46 Barb. 642; *McKyring* v. *Bull*, 16 N. Y. 297; 18 How. 144; 12 Abb. [N. S.] 139; 13 How. 273, 565; 12 N. Y. 9; 38 id. 31; 73 id. 496; 17 Weekly Dig. 7; 84 N. Y. 420.) Alleging that the property had been in the possession of the Southern Railroad Company claiming title thereto for more than six years prior to the commencement of the action, does not set up title in that company, nor is it any notice that defendant relied on such title as a defense. (*Dewey* v. *Moyer*, 72 N. Y. 70, 77.) Plaintiff's title was not in dispute because defendant's answer did not controvert it. (17 Weekly Dig. 528; 5 Law Bull. 64; 3 Civ. Pro. R. 227; *Clark* v. *Dillon*, 2 McCarty's Civ. Pro. R. 73; 9 Abb. N. C. 303; 1 Civ. Pro. R. 252; 58 How. Pr. 251; *Melville Manufacturing Co.* v. *Salter*, Daily Reg., April 27, 1885; *Potter* v. *Frail*, 67 How. 145; *Clark* v. *Dillon*, 97 N. Y. 370.) The period of limitations must be computed from the time of the accruing of the right of action. (Code, § 416.) The mortgagees whom plaintiff represents could bring no action to recover the property, nor for its conversion, until the default in the pay-

ment of the mortgage gave them the right of possession.    (*Goe-let* v. *Asseler*, 22 N. Y. 225; *Hull* v. *Carnley*, 1 Kern. 501; *S. C.*, 17 N. Y. 202; *Carpenter* v. *Town*, Lalor's Supp. to Hill & Denio; *Gordon* v. *Harper*, 7 Johns. 8; *Bradley* v. *Copley*, Mann., Gr. & Scott, 685; *Fen* v. *Bittleson*, 8 Eng. Law & Eq. 485; 5 Duer, 434; 28 N. Y. 586.)

EARL, J. This action was brought to recover the possession of two railroad cars.  The plaintiff in his complaint alleged that he was the receiver of the Southern Hempstead Branch Railroad Company, and that he as such became entitled to the two cars; that some time between the 1st of July, 1875, and the 1st of July, 1878, the defendant took from the possession of his railroad company the two cars, then the property of that company; that the cars were in the possession of the defendant and had been for several years, but that the defendant refused to deliver the same to the plaintiff, although before this action was commenced he made a demand in writing upon it so to do, and that it unjustly detained them from him.  There is no allegation in the complaint that the defendant wrongfully took possession of the cars or wrongfully became possessed of them.  The only wrong alleged is the refusal of the defendant to deliver the cars to the plaintiff upon his demand and the detention of them from him after that.  The defendant in its answer alleged that it had no knowledge or information sufficient to form a belief as to the truth of the allegations contained in the complaint of the appointment of the plaintiff as receiver; admitted that the plaintiff had made a demand in writing of it to deliver the cars, and that it had not deliverd them; denied on information and belief each and every allegation of the complaint not before admitted or controverted; alleged on information and belief that the cause of action set forth in the complaint did not accrue within six years before the commencement of the action, and that the property referred to in the complaint had been in the possession of the Southern Railroad Company of Long Island, and its assigns, claiming title thereto

for more than six years prior to the commencement of this action.

Upon the trial the plaintiff gave evidence tending to show that the Southern Hempstead Branch Railroad Company owned the cars and that the title to them came to him as receiver of that company; and he proved the value of the cars and then rested. The defendant offered to show a sale of the two cars to the Southern Railroad Company of Long Island by the persons who owned them before they were claimed to have been sold to the plaintiff's railroad company. The plaintiff objected to the evidence and the objection was sustained, the court ruling that the question of title in a third party was not raised by the pleadings, and the defendant excepted to the ruling. Later in the progress of the trial, the defendant offered to prove title in the Southern Railroad Company, of Long Island, and its successor, the Brooklyn and Montauk Railroad Company, and that it was the lessee of the latter company and as such in possession of all its property. The evidence was objected to by the plaintiff, and the objection sustained on the ground that the title had not been set up in the answer, and the defendant excepted to the ruling. In these rulings excluding evidence of title to the cars out of the plaintiff, we think the court erred.

The action to recover a chattel, as regulated by the Code of Civil Procedure, is substantially a substitute for the action of replevin as it had previously existed. At common law and under the Revised Statutes there were two actions of replevin, one in the *cepit* and one in the *detinet*. In replevin in the *cepit* the general issue was tendered by the plea of *non cepit*, and that put in issue only the taking at the place stated in the declaration. That rule of the common law was copied into the Revised Statutes. (2 R. S. 528, § 39.) Under that plea the defendant could not show title in himself or in a stranger. As it was necessary in such an action for the plaintiff only to show that he was in possession of the property and that the defendant wrongfully took it from his possession, the plea put in issue all plaintiff was, in the first instance, bound to prove. Without more, property in a third person could be no defense to such an

action. Therefore, in order to defend such an action, the defendant was bound to prove either property in himself, or property in a third person with which he was in some way connected and under which he could justify, and the facts he was bound specially to allege.

But in an action of replevin in the *detinet*, the general issue was tendered by the plea of *non detinet*, and that plea at common law put in issue, as well the plaintiff's property in the goods as the detention thereof by the defendant. And it was provided in the Revised Statutes (2 R. S. 529, § 40), that "when the action is founded on the wrongful detention of the goods, and the original taking is not complained of, the plea of the general issue shall be, that the defendant does not detain the goods and chattels specified in the declaration, or any part thereof, in manner and form as therein alleged; and such plea shall put in issue, not only the detention of such goods and chattels, but also the property of the plaintiff therein." It was also provided by the Revised Statutes (2 R. S. 528, § 36), that the action of replevin might be founded upon both the wrongful taking and the detention of the property, in which case it was necessary that the declaration should allege the wrongful taking and also allege that the defendant continued to detain such property.

It cannot be doubted that this complaint contained all the allegations requisite to show a wrongful detention of the cars. By a liberal construction it might be held to be framed in a double aspect, both for the wrongful taking and the wrongful detention. Upon the trial there was no proof offered or given to show the wrongful taking of the cars, but the plaintiff simply gave proof to show the wrongful detention. Therefore, we think the action should have been treated as if it had been brought for a wrongful detention of the cars. It was necessary, therefore, for the plaintiff to show his title to the cars; and what it was necessary for him to show to maintain his action the defendant had the right to controvert by proof under its general denial. Its general denial put in issue, not only the wrongful detention, but plaintiff's title, and upon that

issue it had the right to show, not only title in itself, but title out of the plaintiff and in a stranger.  The plaintiff, seeking to take property out of the possession of the defendant, was bound to show title in himself, and the defendant could defend itself by showing that he did not have title, and thus did not have the right to take from it the possession which it had acquired. (*Caldwell* v. *Bruggerman*, 4 Minn. 270; *Jones* v. *Rahilly*, 16 id. 320; *Kennedy* v. *Shaw*, 38 Ind. 474; *Sparks* v. *Heritage*, 45 id. 66.)   In *Kennedy* v. *Shaw*, decided under a system of pleading similar to our own, it is said : " Where the general denial is pleaded to a complaint in an action to recover the possession of personal property, the plaintiff must show his right to the possession of the property as against anybody else. He must recover upon the strength and validity of his own title and right to the possession of the property, and if the defendant can show the property, and right to the possession of the property to be in himself or in a third person, he may do so under the general denial and thus defeat the action." This broad and general statement of the rule, however, would not enable one who had taken property from the actual possession of another to justify the taking by the allegation and proof of title in a third person with which he did not connect himself.

There is nothing in the case of *Stowell* v. *Otis* (71 N. Y. 36) in conflict with these views; but regarding this as an action for the wrongful detention of the cars, that case is an authority for the views we have expressed.

Under our system of practice, and under every rational, logical system of pleading, the defendant must, under a general denial, be permitted to controvert by evidence everything which the plaintiff is bound in the first instance to prove to make out his cause of action.   (*Robinson* v. *Frost*, 14 Barb. 536; *McKyring* v. *Bull*, 16 N. Y. 297; *Wheeler* v. *Billings*, 38 id. 263; *Weaver* v. *Barden*, 49 id. 286.)

The denial in this answer of " each and every allegation of the complaint not hereinabove admitted or controverted," is a good general denial.   What had been before admitted and controverted was clearly specified, and hence there was no doubt or

confusion as to the application of this general denial; and this answer is not, therefore, condemned by the decision in *Clark* v. *Dillon* (97 N. Y. 370).

The appellant also makes a point as to the statute of limitations. Upon the new trial it should be permitted to prove all the facts bearing upon that defense, and then the application of the law to the facts will probably not be difficult. We do not deem it our duty to say more about it now.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur, except DANFORTH, J., not voting.

Judgment reversed.