Daniels, J.
This action was before this general term on a preceding appeal, after a trial in which the complaint of the plaintiff was dismissed. That was considered to have been an erroneous direction, and the judgment entered upon it was reversed, and a new trial ordered. Brown v. Bowe, 35 Hun, 488. The trial resulting in the judgment from which the present appeal is taken, was had pursuant to that direction, and the facts as they were previously before the court were repeated and sustained by the evidence. In support of the present appeal it has been urged by the counsel for the appellant that, the case of Griffin v. The Long Is. R. R. Co. (101 N. Y., 348); (1 N. Y. State Rep., 56), had disposed of a point considered when the case was heard and decided on the first appeal, it is a different manner from the disposition made upon it by this court. But that is an erroneous view of this latter authority; for before the goods were seized by the sheriff under the attachment received by him, the plaintiffs had accepted the consignment and invoice of goods, and directed them to be entered in their books as goods to arrive, and the carrier from that time certainly had the custody of, and transported the goods for the benefit of the plaintiffs, and that gave them the constructive possession of the property. When the sheriff after that seized the goods under the attachment, he took them from the constructive possession of the plaintiffs. They had then arrived at the city of New York, and the plaintiffs had before that time, applied for information concerning the expected arrival of the goods, intending as soon as that event should occur to remove them to their own premises.
The case referred to does not sustain the right of the de *389 fendant to defeat the action prosecuted under such circumstances, by proof of title in anothér person when that may not be connected with his seizure or claim of title under which the taking of the property is attempted to be justified. It is only when an action has been brought for the unlawful detention of the property that such a defense can be relied upon. That is conceded by this authority, distinguishing an action of that description from one brought for property taken from the possession of the plaintiffs.
As the plaintiffs had accepted the goods by assenting to their shipment and the receipt of the invoice before the attachment, the defendant had no legal right to seize the goods as the property of the debtor named in the attachment, and having no right to make such seizure they were not at liberty to defend by showing that the shipper of the goods, who was the debtor in the attachment, had previously made an assignment for the benefit of his creditors under which the assignee might possibly have claimed the property. He made no such claim and the defendant could not protect himself against liability by simply relying upon the fact that the assignee might, if lie had been disposed to do so, have claimed the property under the assignment.
Objections were taken to the rulings of the referee, allowing the correspondence to be received in evidence under which the plaintiffs endeavored to maintain their title and relating to the expected arrival of the goods and their subsequent seizure. The letters concerning the seizure were clearly pertinent and proper evidence affecting the right of the plaintiffs to recover possession of the goods. So was the bill of lading and the fact that directions had been given to enter the goods in their books as property to arrive. The letters succeeding the seizure, were no otherwise important then as tending to show what transpired in connection with that seizure. They formed a part of the history of the case and for that reason were properly received by the court, although they might have been dispensed with, without injury to the plaintiff’s rights. But even assuming them not to have been material, they in no manner changed the relative situation of the parties, and did not prejudice the defendant in any defense sought to be made by him in the action.
The same thing was true as to the demand of the property after the service of the attachment. It was not necessary or important that it should be proved, but it was still within the tenor and scope of the action and the plaintiffs had the right to prove it, if they deemed it advisable so to do.
Neither these objections nor any others that have been *390 relied upon, sustain the defense made by the defendant or ( deprive the plaintiff of the right to recover this property.
The case was rightly disposed of and the judgment should be affirmed.
Van Brunt, J., concurs.