## DANENBAUM *v.* PERSON *et al.*

*(City Court of New York, General Term. December 31, 1888.)*

1. CONTRACTS—ACTIONS—PLEADING AND PROOF—GENERAL DENIAL.
   Under a general denial of the allegations of a complaint which sets out an absolute, unconditional agreement, continuing for a certain period, defendant may prove that the agreement was conditional, and, by force of the condition, had terminated.

2. WITNESS—CROSS-EXAMINATION—RIGHT TO EXCEPT.
   An exception to the admission of the question whether anything was said which led witness to suppose a certain fact, is not available where witness testifies that the fact itself was stated, and is cross-examined upon the subject by the party excepting.

Appeal from trial term.

Action by Charles Danenbaum against A. Person and others. Verdict and judgment for defendants. New trial denied, and plaintiff appeals.

Argued before McADAM, C. J., and NEHRBAS, J.

*Cardozo & Newcombe*, (*Leonard Bronner*, of counsel,) for appellant. *Herman Kobbe*, (*G. S. Hastings*, of counsel,) for respondents.

NEHRBAS, J. The complaint alleges that plaintiff was employed by the defendants as salesman from the 20th of March, 1886, to the 31st of December, 1886; and his compensation was to be a commission of 2 per cent. on all sales made by him up to July 1, 1886, and at the rate of $2,000 per annum thereafter; that on July 1, 1886, he was discharged without cause. The answer is, practically, a general denial. Upon the trial it was conceded that plaintiff had been employed up to July 1st, and had been paid his commissions in full to that date. The real defense to the action was, however, that the agreement upon which the plaintiff was employed was conditional. He was to act as salesman so long as his friend, a Mr. Wehrle, obtained consignments

from Europe for the defendants' embroidery department. And, should he at any time fail to procure such consignments, there would be no further use for plaintiff's services; that Wehrle did fail so to do, and the plaintiff was discharged in consequence. Objection was made to this defense for the reason that it had not been pleaded. The jury found a verdict in favor of the defendants. The question, therefore, arises, was the plea of the general issue broad enough to permit proof that the contract was not absolute and continuing, in the form alleged, but, on the contrary, that it was conditional, and that by force of the condition it had terminated? We think it was. Moak's Van Santv. Pl. 506; *Knapp* v. *Roche*, 94 N. Y. 333; *Griffin* v. *Railroad Co.*, 101 N. Y. 354, 4 N. E. Rep. 740. Under the former plea of *nil debet*, the affirmative was on the plaintiff, who, after proving the debt or liability, rested; and the defendant was allowed, under the general issue, to prove any circumstance by which the debt or liability was disproved. Steph. Pl. (by Tyler) 175. The plaintiff, in the present instance, alleged an absolute, unconditional agreement, continuing for a certain period. Under the general issue, the defendant was entitled to prove that the agreement made was not absolute, but conditional, and that by force of the condition it had terminated; for this was in contradiction of the case alleged by the plaintiff. So, where a plaintiff claims to have sold goods to the defendant, the latter can, under a general denial, prove that the goods were sold to another, for this defeats the plaintiff's action. *Griffin* v. *Railroad Co., supra; Kennedy* v. *Shaw*, 38 Ind. 474. The trial judge, therefore, properly admitted the defendants' proof in that behalf, and the exception to its reception is unavailable.

Much stress is laid upon the exception taken to the allowance of the question, "Was anything said by Mr. Danenbaum [the plaintiff] in either of these interviews which led you to suppose that he and Mr. Wehrle were working together?" The witness (the defendant Moore) answered, "Decidedly." If the matter had terminated there, the exception might have been well taken, under the authorities. But the witness supplemented his answer by detailing the conversation he had with the plaintiff, upon which his supposition was based, and plaintiff's counsel cross-examined him on the subject of this conversation. The witness answered: "He [plaintiff] stated that Mr. Wehrle and himself had been working together for a number of years, and were going to run this department together, and were going to share commissions." The exception to the question and answer is, for this reason, untenable. The other exceptions in the case are without merit, and do not need discussion. The verdict is not, in our opinion, so clearly against the weight of evidence as to require it to be set aside. There was abundant testimony to support the verdict, and the jury had the right to believe the defendant's witness in preference to the evidence introduced on plaintiff's behalf. It follows that the judgment and order appealed from must be affirmed, with costs.

McAdam, C. J., concurs.