answered "ready," and only raised his objections when the case was reached for trial.

That a party cannot raise the objection of lack of jurisdiction over the subject of the litigation upon the trial, especially where the situation is such as was here the case, would seem to be a novel proposition. Such an objection is certainly not waived by a party's expressing his readiness to try the issues, among which this question is the chief.

Total lack of jurisdiction in the court below is a fact of which the appellate court may, and should take notice, even when the point was not raised at the trial. *Brookman* v. *Hamill,* 43 N. Y. 554; *Palmer* v. *Lorillard,* 16 Johns. 348; *Sanford* v. *Granger,* 12 Barb. 392. In this case, however, the question of jurisdiction was the only one presented to the court below and upon which the matter was decided.

For the reasons noted, the judgment is reversed, with costs, and the appeal from the order dismissed, with costs.

BOOKSTAVER, J., concurs.

Judgment reversed, with costs, and appeal from order dismissed, with costs.

---

JAMES E. McCARTY, Appellant, *v.* WILLIAM TRACEY et al., Respondents.

(New York Common Pleas — Additional General Term, June, 1895.)

The fact that a person overheard a broker telling another that certain property had been sold to a certain person for a specified sum, and upon such sale falling through purchased the property, is not sufficient to show that the broker was the procuring cause of such purchase, especially where such person knew the owners and that the property was for sale.

APPEAL from a judgment of the District Court in the city of New York for the seventh judicial district.

Action for broker's commissions.

*William Riley,* for appellant.

*James J. Fitzgerald,* for respondents.

New York Common Pleas, June, 1895. [Vol. 13.

*Per Curiam.* It does not appear that the plaintiff was the procuring cause of the sale to Fursey. The fact that he overheard plaintiff telling a third person that the property had been sold to one Murphy at a certain sum, and after the sale to Murphy had fallen through bought it himself, is not sufficient evidence to show that plaintiff was the procuring cause, especially in view of the further fact that he was well acquainted with the defendants and had previously learned from them that the property was for sale. *Goldsmith* v. *Cook*, 39 N. Y. St. Repr. 56.

The answer sets up a good general denial. *Griffin* v. *Long Island R. Co.*, 101 N. Y. 348.

Judgment affirmed, with costs.

Present: BOOKSTAVER and BISCHOFF, JJ.

Judgment affirmed, with costs.