(89 App. Div. 452.)

CENTRAL STOCKYARD & TRANSIT CO. v. MEARS et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1903.)

1. SHIPPING—LOSS OF CATTLE—RECAPTURE—SALVAGE—LIEN.

Where, during the transportation of certain cattle on board a vessel in the port of New York, two of the cows escaped into the sea, and were voluntarily rescued by the owner of a steam lighter, he was entitled to a lien for salvage therefor, and to the possession of the cows until his claim was satisfied.

2. SAME—REPLEVIN—RIGHT TO POSSESSION IN THIRD PERSON.

Where salvors of cows saved from the sea after they had escaped from plaintiff's vessel were rightfully entitled to retain possession until payment of salvage, and the salvors placed the cows in defendants' possession to board until salvage charges were paid, defendants, in an action by the owners to recover possession thereof, were entitled to plead the salvor's right of possession as a defense, since the original taking was rightful.

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by the Central Stockyard & Transit Company against Thomas Mears and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Frank H. Innes, for appellants.

W. J. Powers, for respondent.

HOOKER, J. The plaintiff brought this action in replevin for the recovery of two cows described in the complaint. The third paragraph of the answer alleges that the cows jumped overboard from one of the plaintiff's boats into the waters of the port of New York, and thereby became derelict and in peril of loss and destruction, and

¶ 1. See Salvage, vol. 43, Cent. Dig. § 103.

that one Rudolph, the master and owner of the steam lighter Aeronaut, by the tackle of said lighter saved and rescued the cows, and carried them to the stable of the defendants, where, under an agreement with Rudolph, the defendants boarded, cared for, and kept the cows for him; that the cows, being part of the cargo of the ship of the plaintiff, and rescued as aforesaid from the waters of the port of New York, were subject and liable to condemnation by said Rudolph for his salvage compensation and for expenses of caring for them, and were at the time of the commencement of the action subject to a lien thereon in favor of Rudolph for his salvage compensation and expenses. The plaintiff at the commencement of the trial moved to strike out this paragraph of the answer. This motion seems to have been treated by the parties in the nature of a demurrer to that portion of the answer. The court granted the motion, and, after trial, judgment was entered in favor of the plaintiff for recovery of the possession of the property, and, if possession and recovery could not be had, for its value, which was determined.

We think the court erred in striking out this portion of the answer, and in refusing to admit certain proof offered apparently for the purpose of substantiating the allegations referred to. "Salvage is the compensation allowed to persons by whose voluntary assistance a ship at sea, or her cargo, or both, have been saved, in whole or in part, from impending sea peril, or in recovering such property from actual peril or loss, as in cases of shipwreck, derelict, or recapture." The Sabine, 101 U. S. 384, 25 L. Ed. 982. One who renders voluntary service to rescue a vessel or property from marine peril, and who is successful, in whole or in part, is a salvor, and has a claim which may be enforced by a suit against the ship or its cargo, or both. More than that, the salvor is entitled to the possession of the property saved, provided it is such personalty as may be reduced to possession, and has a lien for the salvage compensation until his claim is satisfied. The rule is, we think, correctly stated as follows:

"The finders of a derelict have the right, as salvors, to the exclusive possession thereof until their just demands shall be satisfied, or until the vessel is taken into the custody of the law, provided other assistance is not necessary to the safety of the derelict." 24 Am. & Eng. Ency. of Law (2d Ed.) p. 1225, and cases cited.

Such is the rule in this state, as laid down in Baker v. Hoag, 7 N. Y. 555, 59 Am. Dec. 431. There a canal boat sank in the Hudson river at a point where the tide ebbed and flowed, which the plaintiff located, and whose cargo he saved. Without the plaintiff's consent, the defendant, the owner of the cargo, carried it away, and the action was brought in replevin to recover possession. It was there held that the plaintiff had a lien for salvage on the cargo at the time defendant took it, and by reason thereof there was in him a special property therein sufficient to allow him to maintain his action. The paragraph referred to should have been allowed to remain in defendants' answer in this case, and the proof to substantiate it admitted, for defendants' allegation sought to lay the foundation for proof that Rudolph had a lien for salvage, which was a sufficient special property in the cows to entitle him to their possession until the sat-

isfaction of his claim.  If Rudolph, as salvor, was entitled to possession of the cows on account of this lien, or for any other reason, plaintiff's claim of right of possession was successfully met, and he must have failed in his action.  For it·is settled that where there is no wrongful taking, but merely wrongful detention, the defendant is open to defeat plaintiff's claim by evidence that title or right of possession was not in plaintiff, but in a stranger.  Griffin v. Long Island R. Co., 101 N. Y. 348, 4 N. E. 740; Siedenbach v. Riley, 111 N. Y. 560, 19 N. E. 275.

The judgment must therefore be reversed, and a new trial ordered; costs to abide the event.  All concur.

