(49 Misc. Rep. 614)

## STEARNS v. EARLY.

(Supreme Court, Appellate Term. December 27, 1905.)

1. REPLEVIN—PLEADING—ISSUES—TITLE OF PLAINTIFF.

 Where a complaint in replevin counts in the detinet, a general denial puts in issue, not only the wrongful detention, but plaintiff's title, and defendant may show, not only title in himself, but title out of plaintiff and in a stranger.

 [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, §§ 273, 274.]

2. RECEIVERS—APPOINTMENT FOR PLAINTIFF IN REPLEVIN—EFFECT ON ACTION.

 Under Code Civ. Proc. § 756, providing that in case of a transfer of interest the action may be continued by the original party, unless the court directs the substitution or joinder of the transferee, it is error to dismiss a complaint in replevin on proof of the appointment of a receiver of plaintiff's property subsequent to the commencement of the action and in another cause.

 [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receivers, § 149.]

Appeal from City Court of New York, Trial Term.

Action by Walter H. Stearns against Edward Early. From a judgment of dismissal, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

David C. Myers, for appellant.

Gilbert W. Minor, for respondent.

MacLEAN, J. In this action of replevin to recover possession of certain chattels or their value, the defendant interposed a general denial, and at the trial proved property in a third party by the introduction of evidence of an order, subsequent to the commencement of the action and in another cause, appointing a receiver of the plaintiff's property. This was not improper, for, though the complaint might possibly be interpreted as framed in the cepit and in the detinet, it was apparently treated as in the detinet, in view of which "the general denial put in issue, not only the wrongful detention, but plaintiff's title, and upon that issue he had the right to show, not only title in himself, but title out of the plaintiff and in a stranger." Griffin v. Long Island Railroad Co., 101 N. Y. 348, 353, 4 N. E. 740. It was improper, however, to dismiss the complaint therefor,

because, "in case of a transfer of interest or devolution of liability, the action may be continued, by or against the original party, unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires" (Code Civ. Proc. § 756), and it does not appear that the receiver has ever been so substituted. Wherefore the judgment and order herein must be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.