KIERS v. RATHJEN.

(Supreme Court, Appellate Term. July 7, 1908.)

MASTER AND SERVANT—LIABILITY OF MASTER FOR ACTS OF SERVANT—PLEADING —GENERAL ISSUE—ADMISSIBILITY OF EVIDENCE.

    In an action for damages to a boat alleged to have been caused by the negligent use of a "digger" employed by defendant's employés, it was competent for defendant under a general denial to prove that the damage was caused by others for whose acts defendant was not responsible.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank Kiers against Jurgen Rathjen. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James J. Conway, for appellant.
Currier & Barnard, for respondent.

PER CURIAM. The plaintiff, the owner of a coal boat, sued to recover for damage done to his boat. The plaintiff's claim is that the boat was carrying a consignment of coal to the defendant, and that the boat was damaged by the negligent use of the "digger" employed by the defendant in unloading the boat. The defendant pleaded a general denial. One of the issues raised by the pleadings related to whether or not the defendant's employés unloaded the boat. The evidence of the plaintiff upon this point was indefinite and inconclusive.

The defendant attempted to prove that the coal had been consigned to the Jurgen Rathjen Company, and that its employés unloaded the boat. The trial court excluded this evidence, upon the ground that these facts could not be proved under a general denial. In this ruling the learned trial justice erred. The plaintiff's contention being that the employés of the defendant caused the damage to his boat, it was competent for the defendant under a general denial to prove that the damage complained of was caused by others, for whose acts the defendant was not responsible. Griffin v. L. I. R. R. Co., 101 N. Y. 348, 354, 4 N. E. 740; Demarest v. Flack, 128 N. Y. 205, 28 N. E. 645, 13 L. R. A. 854.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event.