ABRAHAM HAFT, Respondent, v. J. R. SCHMELTZER and Others, Copartners, Doing Business under the Firm Name and Style of J. R. SCHMELTZER & Co., and Others, Appellants.

HARRY G. HAFT, Respondent, v. J. R. SCHMELTZER and Others, Copartners, Doing Business under the Firm Name and Style of J. R. SCHMELTZER & Co., and Others, Appellants.

JOSEPH HAFT, Respondent, v. J. R. SCHMELTZER and Others, Copartners, Doing Business under the Firm Name and Style of J. R. SCHMELTZER & Co., and Others, Appellants.

SAMUEL HAFT, Respondent, v. J. R. SCHMELTZER and Others, Copartners, Doing Business under the Firm Name and Style of J. R. SCHMELTZER & Co., and Others, Appellants.

First Department, March 10, 1930.

*Robert B. Honeyman* of counsel [*Crane & Arnold*, attorneys], for the appellants.

*Lazarus Joseph* of counsel [*Joseph & Demov*, attorneys], for the respondents.

FINCH, J. From orders granting motions for a preference in four similar actions of replevin, defendants appeal.

The motions were made under subdivision 2 of rule VI of the New York County Supreme Court Trial Term Rules. This provides that in an action of replevin an application for a preference may be made and granted " if, upon the affidavits so submitted and the affidavits of the opposing party, the court shall be satisfied that there is no substantial defense to the action, or that the answer was not interposed in good faith, or was interposed for the purpose of delay * * *." Thus it must appear that there is no substantial defense to the action or that the answer was interposed not in good faith or was interposed for the purpose of delay.

Upon this record not only do none of the above requirements of the rule exist, but, on the contrary, there appears a substantial defense, which can be disposed of only upon a trial. The answer in thus setting forth this issue was not interposed in bad faith or for the purpose of delay. The issue to be tried arises out of the following facts: Each complaint sets forth as a cause of action an unlawful detention of personal property. Each answer denies the unlawful detention. Under such a denial the defendants may prove any fact which would tend to disprove the right of possession in plaintiff at the time of the commencement of the action. (*Griffin* v. *Long Island R. R. Co.*, 101 N. Y. 348; *Siedenbach* v. *Riley*, 111 id. 560; *Judge* v. *Continental Bank of New York*, 216 App. Div. 818.) The defendants claim possession pursuant to a lien on the securities replevined for the payment of a debit balance of upwards of $300,000 on an account known as " 550 Account." This is the substantial issue between plaintiffs and defendants. The fair and usual inferences from the facts appear in favor of the claim of the defendants.

The defendants compose a firm of stockbrokers. The plaintiffs are brothers associated together in business. Each of the brothers

had been trading in securities through the defendants. Immediately prior to a substantial drop in the market value of stocks, the only account in which any of the Messrs. Haft were interested, which required margin, was one carried under the designation "550 Account," managed and claimed to be owned by Jules Haft. At the same time Harry Haft had an account more than amply margined in which he was carrying 100 shares of stock and against which he owed a small balance of $640. Samuel Haft had no securities in the hands of the defendants, was not long or short in his account and in addition had a credit balance due to him of $1,201. Joseph Haft had no securities whatever in the hands of the defendants, was not long or short in his account and had no indebtedness either due to or from him. Abraham Haft was indebted to the defendants in the sum of $11,000, as against which the defendants held certain shares of stock which provided adequate margin. Thus the only account at that time with inadequate margin was the "550 Account" with an indebtedness of over $800,000. In answer to a call for margin for the "550 Account," the Messrs. Haft, after consultation with defendants, delivered to them the following securities: Joseph Haft, 164 shares Manufacturers Trust Company; Samuel Haft, 100 shares Chase National Bank; Harry G. Haft, 100 shares of American Telephone and Telegraph Company; Morris W. Haft, 1,500 shares Irving Trust Company and 1,760 shares Bank of United States; Abraham Haft, 100 shares American Telephone and Telegraph Company and 200 shares Consolidated Gas Company. The defendants allege that "said stocks were furnished by each of the said Haft brothers specifically to secure any balance that might become due and owing to the defendants upon the said '550 Account.'" Plaintiffs deny this, but in this record have not alleged any reason whatsoever nor explanation for the giving of these securities to the defendants. Thereafter the market value of the stocks declined still further and additional margin was asked for the "550 Account." The Messrs. Haft then severally and practically simultaneously made formal demand for the return of their securities and immediately brought these actions in replevin for the recovery thereof. The "550 Account" was sold out, with the exception of the securities pledged by the brothers, and a debit balance was left owing to these defendants of some $300,000, for the payment of which balance these defendants claim a lien on these securities, the subject of these four actions. The fair and usual inference from the fact that the plaintiffs severally gave to the defendants at the same time a half million dollars worth of securities, is that it was for a common purpose. The same inference would be

ordinarily deducible also from the fact that when the market dropped still further and additional margin was demanded for this same account, the plaintiffs simultaneously demanded back their securities and brought replevins the same day. The simultaneous action of five persons would be out of the ordinary if it were not done with a common purpose. The plaintiffs point to a receipt in the usual form, where a broker receives securities from his customer, in which the defendants acknowledged that the securities were received and credited to the accounts of the respective plaintiffs. Also to the fact that the defendants subsequently rendered a statement to the respective plaintiffs that they were holding these securities for the account of the plaintiffs. These are indeed the facts, subject, of course, to the lien of the indebtedness under the " 550 Account."

Enough has been set forth to show that a substantial issue was raised between these parties which requires a trial and that the matter may not be disposed of upon the ground that no substantial defense to the action has been raised or that the answer was not interposed in good faith but was interposed for the purpose of delay.

The preferences, therefore, were improperly granted. The orders appealed from should be reversed, with ten dollars costs and disbursements of each appeal, and the motions denied, with ten dollars costs.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.