## PATTERSON v. CLARK AND TINSON.

20  429
h128  584

1. Pleading: TRESPASS. A defendant cannot, under an answer setting out only a denial, excuse a trespass by proving the right of possession or title in some third person. Facts relied upon as a defense must be pleaded.

*Appeal from Linn District Court.*

WEDNESDAY, JUNE 13.

AN action in the nature of a trespass, for the wrongful taking and carrying away of a wagon, set of whiffletrees and a neck yoke, the alleged property of plaintiff.

The defense consists in a denial of the trespass as charged, and also a denial that the plaintiff was the owner of the property specified.

The trial resulted in a verdict and judgment for the defendants; whereupon the plaintiff appeals.

*I. M. Preston & Son* for the appellant.

*Wm. G. Thompson* for the appellee.

LOWE, Ch. J. — The errors complained of are, that the court allowed the defendants, under the issue made, to

1. PLEADING: trespass.

prove that the property in question was owned by and belonged to one Lytle, and not the plaintiff; also, in giving and refusing certain instructions, and overruling the motions for a new trial.

The defense set up is simply one of denial, not of justification; putting in issue the truth of the averments of plaintiff's petition, admitting virtually by such defense, that if these averments are true, then, in legal contemplation, they are trespassers.

The case made in the plaintiff's petition is sustained, as against the defendants, by proving his possession, which is a sufficient property to recover against wrongdoers, and it is a right, indeed, which is good against all the world, except one having the general title or right of possession. The defendants cannot, therefore, excuse their trespass by proving the right of possession or title to be in some third

person, without pleading such fact as a general defense. This is a rule of practice familiar to the profession, and not unfrequently recognized by the courts. *Dyson* v. *Ream,* 9 Iowa, 51; *Hagar* v. *Burch,* 8 Id., 310; *Hutchinson* v. *Sangster,* 4 G. Greene, 340.

Instructions given at variance with the principles of law and rules of practice here stated, were erroneous. The court, in refusing those asked in accordance therewith, has erred.

The cause is reversed and remanded.

Reversed.