JOSEPH COVINGTON, Administrator, of SUSAN COVERDALE, vs. WILLIAM I. SIMPSON and JOHN M. SMOOT, Constable.

*Averment of Trespass de bonis Asportatis—Pleading—Evidence— Amendment—Ownership of Property—Damages—Nonsuit; Refusal of—Possession prima facie Evidence of Title— Facts necessary to be proved—Property general or special—Possession actual. or constructive—Justification.*

1. In an action of trespass *de bonis asportatis* the damages must be specifically alleged in the narr. If not so alleged, however, an amendment will be allowed in the discretion of the Court.

2. Where, in such action, a plea is filed alleging that the property in question was not, at the time of the alleged trespass, or at any time since, the property of the deceased, or of the plaintiff, her administrator, such plea amounts to the general issue and will, upon motion, be stricken out.

3. As a general principle a trespass cannot be *justified* under the plea of *not guilty*. The justification must be pleaded.

4. In an action of *trespass de bonis asportatis* the facts material to be proved are, (1) property, but with the qualification that possession is *prima facie* evidence of ownership; (2) the trespass, that is, the taking by the defendant, and (3) the damages, which would be, if the taking was unlawful, the value of the property.

5. The possession of the plaintiff may be actual or constructive; and the

property in the goods may be general or special. The general property draws to it the possession, where there is no intervening adverse right of enjoyment.

6. The defendant may, in this action, controvert the possession and title of the plaintiff under the general issue, but cannot prove ownership in someone else to justify the alleged trespass, such ownership not being pleaded.

7. The rule that a plaintiff must recover if at all, on the strength of his own title, and not on the weakness of any other, has no application to a case like the present.

(*May 2, 1901.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Henry Ridgely, Jr.,* and *W. Watson Harrington* for plaintiff.

*George M. Jones* and *William M. Hope* for defendant.

Superior Court, Kent County, April term, 1901.

TRESPASS *de. Bonis Asportatis* (No. 65, April term, 1900), for taking and carrying away two cows, the same being laid in the narr as the property of Susan Coverdale, also as the property of Joseph Covington, administrator of Susan Coverdale, deceased. The pleas were, not guilty, and the following special plea, to wit:

"And for a further plea in this behalf as to the seizing, taking and driving away of the two cows, and converting and disposing of the same to their own use, as in the several counts of the said declaration alleged, the said defendants say that the said Joseph Covington, administrator of Susan Coverdale, ought not to have or maintain his aforesaid action against them, because they say that the said two cows in the several counts of said declaration mentioned were not at the time of the alleged trespass, or at any other time since, the goods, chattels and effects of the said Susan Coverdale, either during her life or at the time of her death, nor did said two cows become assets of the estate of the said Susan Coverdale, as alleged in said declaration, nor did the said two cows become, or

ever were, the property of the said Joseph Covington, adminis-
trator of Susan Coverdale, deceased."

The evidence on the part of the plaintiff tended to show that
the cows in question were the property of Susan Coverdale at the
time of her death, and that they were then and had been for several
years in her possession.  That after the death of said Susan Cov-
erdale said property was, by direction of Joseph Covington, the
plaintiff (before taking out letters of administration), placed in the
care and custody of one John Coverdale to be taken care of by
him as the property of the estate of Susan Coverdale; that while
in the custody of the latter an order for the cows was given by
the plaintiff, Covington, to one Harry F. Mitten, the undertaker
who buried Susan Coverdale, to cover said Mitten's bill for said
burial expenses; that about July 1, 1899, when Mitten went to
Coverdale's with said order from Covington, to take the cows away,
Coverdale purchased the same from Mitten; that subsequently the
cows were seized and taken away by the defendants; and that
afterwards the defendant Simpson admitted to Mitten that he had
them in his possession; that Mitten, upon learning that the cows
had been seized by the defendants, refunded to John Coverdale the
amount he had received from the latter for the cows, viz., $45.
There was evidence on behalf of the plaintiff that the cows were
worth $60 at the time they were taken by the defendants, and the
witness Mitten testified that in his judgment they were worth $55.
The plaintiff then rested.

*Hope*, of counsel for defendants, moved for a nonsuit for the
following reasons:

*First.*  That plaintiff had not proved title in Susan Cover-
dale.  Susan Coverdale being dead, and letters of administration
not being taken out until after the property was taken, there could
be no possession in the dead woman and none in an administrator
that did not exist.  Again, these cows were alleged to be in the

possession of John Coverdale when they were taken, he having purchased them of Harry Mitten, after Mitten had gone out to take them from Coverdale on an order. That is *prima facie* evidence of title in John Coverdale.

*Second.* The plaintiff, in order to maintain the action, must establish some certain damages. That he is unable to do under the pleadings. His narr does not allege any specific amount of damages. The language in the conclusion of the narr is: "And other wrongs to the said Joseph Covington" * * * " then did, to the great damage of the said Joseph Covington, administrator of Susan Coverdale," etc. It is well settled that in the conclusion of a narr in trespass to property or person, the damage must be specifically set out.

*Stephen on Pleading; 1 Chitty on Pleading, 399–400; Bouvier's Law Dict.; Saunders on Pleading; Archbold's Crim. Digest; Bacon's Abridgment.*

*Ridgely*, of counsel for plaintiff, replied; contending that when the narr alleged that certain property of so much value was taken it followed as a matter of course and of necessity that the damage done to the plaintiff was the value of the property. There are four counts in the narr, and each one of them states the value of the cows taken by the defendants.

Spruance, J.:—Of course this might have been demurred to, but under our very liberal system of amendment, we will entertain a motion on the part of the plaintiff to amend.

*Mr. Ridgely:* —I make the motion to amend.

*Mr. Jones:* —I shall ask that the costs of the term be imposed.

Spruance, J.:—The question of terms is within the discretion of the Court. If we allow this amendment, it cannot be

productive of any delay. The defendant will suffer no harm. It seems to us that it comes strictly within the statutory provisions in regard to amendments. Under the circumstances, we think we should grant leave to amend without the imposition of costs.

(The plaintiff thereupon amended his narr by laying the damages therein at two hundred dollars.)

*Mr. Ridgely,* for the plaintiff, as to the first ground of the motion for nonsuit, contended, that an administrator has a right to bring a suit for property taken before the grant of letters of administration to him; that the right conferred by the letters of administration reverts back, and he therefore has the right of possession from the time of the death of his intestate. The *right* of possession is sufficient to maintain trespass as well as the *actual* possession. This suit was brought after letters of administration were granted to the plaintiff.

SPRUANCE, J.:—We decline to grant the motion for nonsuit.

(Questions asked the constable by defendants' counsel as to acts of ownership exercised by George W. Coverdale, and as to what was done with the money realized from the sale of said cows, were objected to by counsel for plaintiff as irrelevant and were disallowed by the Court.)

The defendant Simpson was asked by his counsel the following question:

" Whom did you take the cows as the property of ? "

Objected to by counsel for plaintiff as irrelevant under the pleadings; contending that under the plea of not guilty, which was really the only plea in the case, property in a stranger could not be proved.

*Demick vs. Chapman, 14 Johnson, 132; Richardson, et. al., vs. Murrill, et. al., 7 Mo., 332; Aiken vs. Buck, et. al., 1 Wend, 466;*

*Hammer vs. Wilson, 17 Wend., 91; Patterson vs. Clark and Tynson, 20 Iowa, 429; Baily vs. Wiggins, 5 Harr., 462 (470); Coe vs. English, 6 Houst., 458.*

*Hope,* of counsel for defendants, replied; contending that the defendants simply wanted to negative the proposition that the cows in question were the property of the plaintiff, and to produce witnesses who would state whose property they were, and that no other plea was necessary for that purpose.

     *Collins vs. Bilderback, 5 Harr., 135.*

     SPRUANCE, J.:—This is an action of trespass *de bonis asportatis.* There are only two pleas, viz., a plea of not guilty, and a special plea which is, in effect, merely a traverse of the ownership of the intestate, Susan Coverdale, in her life time, and of the plaintiff, her administrator, after her death. It does not aver title, or possession, or right of possession in the defendants, or any other person.

     If a motion had been made to strike out this plea as equivalent to the general issue, we should have so ordered, because it is nothing more than a traverse of the allegations of the declaration as to the title of Susan Coverdale and of her administrator.

     *2 Greenleaf, Section 625,* lays down the general rule in actions of this character:—" Every defense which admits the defendant to have been, *prima facie,* a trespasser must be specially pleaded, but any matters which go to show that he never did the acts complained of may be given in evidence under the general issue."

     In *Baily vs. Wiggins, 5 Harr., 462 (470),* which was an action of trespass for false imprisonment, the Court say:

     "As a general principle a trespass cannot be *justified* under the plea of *not guilty.* The justification must be pleaded."

     In *Coe vs. English, 6 Houst., 456 (461),* which was an action of trespass for taking and carrying away the goods of the plaintiff, where the only plea was not guilty, the Court held " the rule of

pleading to be well settled that in an action of trespass *de bonis asportatis*, if the defendant admits the taking and carrying away of the goods, but justifies or means to endeavor to justify it, he must plead the matter of justification specially, and cannot give it in evidence under the general issue ; because he confesses the taking of them and seeks to avoid it by matter of excuse or justification, which must be pleaded specially, even in an action of trespass like this."

We are, therefore, of the opinion that this question is inadmissible, and we sustain the objection.

*Mr. Jones :*—Do I understand the ruling of the Court to be that we cannot show that this property was not the property of Susan Coverdale, but was the property of George W. Coverdale ?

SPRUANCE, J.:—We do not go that far. We think you are entitled to introduce any proper evidence to prove that this property was not the property of Susan Coverdale or of her administrator.

(The defendant, after introducing further evidence, presented certain prayers, which are referred to in the charge of the Court.)

SPRUANCE, J., charging the jury :

Gentlemen of the jury :—This is an action of trespass *de bonis asportatis* brought by Joseph Covington, administrator of Susan Coverdale, deceased, against William I. Simpson and John M. Smoot, constable.

We are asked by the defendants to charge that the plaintiff should not recover unless the goods taken were the property of Susan Coverdale at the time of the taking.

We decline so to charge, because, according to the evidence, Susan Coverdale was dead when the goods were taken.

We are requested to charge that the plaintiff should not

recover unless the goods taken are proved to have been the property of Joseph Covington, administrator of Susan Coverdale, at the time of the taking. As to this we say to you that it is necessary that the plaintiff prove title to the property as set forth in his declaration, but that the possession of goods is *prima facie* evidence of title; that is, in the absence of proof to the contrary, goods are presumed in law to belong to the person in whose possession they are. That possession may be actual or constructive. The facts material to be proved by the plaintiff are, *first*, property—but with the qualification that possession in the absence of any testimony to the contrary, is proof of ownership—i. e., *prima facie* evidence of ownership; *second*, the trespass—i. e., the taking by the defendants; and, *third*, the damages, which would be, if the taking was unlawful, the value of the goods.

In *2 Greenleaf on Evidence, Section 614,* it is stated: "The *possession* of the plaintiff may be actual or *constructive.* And it is *constructive* when the property is either in the actual custody and possession of no one, but rightfully belongs to the plaintiff, or when it is in the care and custody of his servant, agent or overseer, or in the hands of a bailee for custody, carriage or other service, as depositary, mandatary, carrier, borrower, or the like, where the bailee or actual possessor has no vested interest or title to the beneficial use and enjoyment of the property, but, on the contrary, the owner may take it into his own hands, at his pleasure. Where this is the case, the general owner may sue in trespass, as for an injury to his own actual possession, and this proof will maintain the averment. The general property draws to it the possession, where there is no intervening adverse right of enjoyment."

In *Coe vs. English, 6 Houston, 456 (460),* the Court charged: "That it was necessary at common law that a party should have a general or special property in the goods, and an actual or constructive possession of them at the time of the taking to maintain an action of trespass like this against any one for taking and carrying them away and disposing of them to his own use; and when the

goods owned by another are not in his actual possession, but are in the possession of an agent of his with his consent, and with the right on his part to resume or retake the possession of them, or to put them in the possession of another person at his will and pleasure, it is in his constructive possession, and in that case the possession of his agent is his possession in contemplation of law, and it may be so alleged in the declaration filed in the action, and will be sustained by proof of that fact."

We are asked to charge: That if the jury believes that the property belonged to any one else than Susan Coverdale, the plaintiff should not recover.

We decline to so charge. We have ruled out all evidence as to the ownership of anybody else than Susan Coverdale and her administrator. The defendants were, at the trial, at liberty to controvert the possession and the title of Susan Coverdale, or the possession and title of her administrator; but, under the ruling of the Court, they were not entitled to prove ownership in somebody else to justify the alleged trespass, because such ownership had not been pleaded. We therefore direct you to exclude from your consideration all evidence of that character.

We are also asked to charge:

That the plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of any other title.

We decline so to charge, because this rule has no application whatever to a case like this.

You should determine this case upon the evidence as you have heard it delivered upon the witness stand under the sanction of the Court, and you should reject all evidence which may have inadvertently come before you which the Court has ordered to be stricken out.

Verdict for plaintiff for $55.