WALTER E. HASTINGS and SARAH E. CALLOWAY, Administrators of CHARLES G. CALLOWAY, deceased, *vs.* NOAH E. LANKFORD.

TRESPASS—PLEA OF OWNERSHIP—STRIKING OUT.

A special plea of property in the defendant in trespass *de bonis asportatis* should be stricken as being merely the general issue. A plea of property in a stranger is a justification for a trespass on the property of some third person.

(*February* 17, 1914.)

Judges CONRAD and WOOLLEY sitting.
*Charles S. Richards* and *Charles W. Cullen* for plaintiffs.
*Robert C. White* and *James M. Tunnell* for defendant.
Superior Court, Sussex County, February Term, 1914.

ACTION OF TRESPASS DE BONIS ASPORTATIS (No. 29, June Term, 1913) to recover for the value of a horse alleged to be the property of the estate of Charles G. Calloway, deceased, which horse it was contended the defendant wrongfully appropriated to his own use.

Among the pleas filed was a special plea alleging property in the defendant. Counsel for the plaintiff moved to strike out the special plea of property in the defendant, as amounting to the general issue. Motion granted.

WOOLLEY, J., delivering the opinion of the court:
The special plea, to which the plaintiffs' motion is addressed, is a special plea of property in the defendant himself, and was filed, as contended by his counsel, upon the authority of *Covington v. Simpson*, 3 *Penn.* 269, 274, 277, 52 *Atl.* 349, in which the court held that in such an action as this, the defendant may con-

trovert the possession and title of the plaintiff under the general issue, but cannot prove ownership in "some one else" to justify the trespass, unless such justification be specially pleaded.

A plea of property in the defendant, filed to a narr. in trespass *de bonis asportatis*, is not so much a justification for the trespass as it is a denial of the trespass itself, because of the impossibility in law of a party committing trespass upon property of his own and within his own lawful possession. A plea of property in a stranger, however, is a plea of justification, as it admits the taking, that is, admits the trespass, and justifies it by denying injury to the plaintiff because of the title to the property taken being in another. Such a plea, unlike one in which a defendant pleads property in himself, confesses the trespass and seeks to avoid it by matter of excuse or justification. As such matter of justification of necessity admits the trespass, it, of course, cannot be proven under the general issue, for by the general issue the trespass is denied.

In the case of *Covington v. Simpson, supra,* where evidence of ownership of the property in a third person was offered under the general issue, the language of the court in refusing the evidence, must be construed with reference to the particular situation before it, and in saying that the defendant cannot prove ownership or possession in "some one else" to justify the trespass, unless by special plea, it must be considered that the court did not mean some one other than the plaintiff, but meant some one other than the parties to the action.

As it is equally impossible for a defendant to commit trespass upon property of which he is the owner, as it is for a plaintiff to suffer trespass upon property of which he is not the owner, eliminating from the present consideration all questions of special property, so it is equally proper for the defendant, in denying the trespass under the general issue, to assert ownership in himself as it is under the general issue for him to deny the trespass by controverting the ownership of the plaintiff. The plea of property in the defendant, therefore, amounts to the general issue, and the motion to strike out the plea is allowed.

Trial, and verdict for plaintiffs.